SPENCER v CLARK TOWNSHIP

Docket No. 71924. Submitted April 30, 1984, at Marquette.—Decided April 16, 1985.

Melvin C. Spencer, a part-time volunteer ambulance attendant for Clark Township, injured his back while carrying an injured person on a stretcher. At the time, Spencer was also employed full-time as a carpenter. Spencer was hospitalized and operated on, but was never able to return to either of his former jobs. Employers Insurance of Wausau, Clark Township's workers' compensation carrier, voluntarily paid benefits of $93 per week to Spencer from the date of his injury in 1973 through December, 1976. Spencer requested a hearing before the Bureau of Workers' Disability Compensation after the payments ended. In December, 1977, a hearing referee awarded Spencer $99 per week pursuant to a statute which provides that volunteer ambulance drivers and attendants who are injured in the performance of their duties shall receive compensation based on the state average weekly wage. Clark Township and Employers Insurance of Wausau appealed to the Workers' Compensation Appeal Board, which, in 1983, affirmed the finding that Spencer was entitled to receive compensation benefits but held that the statute, which was amended in 1976 to include for the first time volunteer ambulance drivers and attendants, did not apply retroactively to plaintiff's 1973 injury. The board therefore reduced the amount of the award to $53.33 per week. Spencer appeals by leave granted from that determination. Clark Township and Employers Insurance of Wausau cross-appeal, alleging that Spencer's completion of a rehabilitation program has negated his right to receive any benefits. *Held:*

1. The 1976 amendment to the statute is remedial in nature and must be given retroactive effect. The WCAB erred in

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 631.
[2, 6] 81 Am Jur 2d, Workmen's Compensation §§ 115, 179-185.
[3-6] 73 Am Jur 2d, Statutes §§ 350, 354.
    81 Am Jur 2d, Workmen's Compensation §§ 34-37.
[7] 82 Am Jur 2d, Workmen's Compensation §§ 367, 368, 547.

finding that the amendment did not apply retroactively to cover Spencer's 1973 injury.

2. The WCAB's findings that Spencer's wage earning capacity has not been increased despite his rehabilitative efforts is conclusive. Defendants' contention that Spencer has established a wage earning capacity and is thereby precluded from receiving compensation benefits is rejected.

Affirmed in part and reversed in part.

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACT.

Findings of fact made by the Workers' Compensation Appeal Board are conclusive and may not be set aside if supported by record evidence absent a showing of fraud; however, an appellate court may examine the board's application of legal standards (MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — VOLUNTEER AMBULANCE DRIVERS AND ATTENDANTS — RATES OF COMPENSATION.

Volunteer ambulance drivers and attendants, along with volunteer fire fighters, safety patrol officers, and civil defense workers, are entitled to receive the maximum rate of workers' compensation allowed by law if injured during the course of their public employment (MCL 418.161[1][a], 418.351[1], 418.355[2]; MSA 17.237[161][1][a], 17.237[351][1], 17.237[355][2]).

3. STATUTES — JUDICIAL CONSTRUCTION — RETROACTIVITY.

The general rule that a statute is presumed to operate prospectively unless the Legislature either expressly or impliedly indicates its intention to give retroactive effect does not apply to statutes which are remedial or procedural in nature.

4. STATUTES — REMEDIAL STATUTES — RETROACTIVITY.

Statutes which operate in furtherance of a remedy already existing and which neither create new rights nor destroy existing rights are held to operate retrospectively unless a contrary legistative intent is manifested.

5. STATUTES — REMEDIAL STATUTES.

A statute or amendment is remedial if it is designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good.

6. WORKERS' COMPENSATION — VOLUNTEER AMBULANCE DRIVERS AND ATTENDANTS — RATES OF COMPENSATION — RETROACTIVITY.

An amendment which for the first time included volunteer ambulance drivers and attendants under the provisions of a statute which provides that volunteer fire fighters, safety patrol offi-

cers, and civil defense workers are entitled to receive the maximum rate of workers' compensation allowed by law if injured during the course of their public employment is remedial in nature and must be given retroactive effect (MCL 418.161; MSA 17.237[161]).

7. WORKERS' COMPENSATION — WAGE EARNING CAPACITY — QUESTION OF FACT.
   A workers' compensation claimant's wage earning capacity following an injury is a question of fact which will depend upon the nature of the work performed, the availability of suitable employment, the nature and extent of the disability, and the wages earned subsequent to the injury.

*Moher, Andary & Cannello* (by *Thomas G. Moher*), for plaintiff.

*Corcoran & Lewinski, P.C.* (by *Guy W. Lewinski*), for defendants.

Before: MACKENZIE, P.J., and J. H. GILLIS and J. B. SULLIVAN,* JJ.

PER CURIAM. On September 24, 1973, plaintiff injured his back while working part-time for defendant Clark Township as a volunteer ambulance attendant. During the time in question plaintiff was also employed full-time as a carpenter for a local construction company. Plaintiff received $2 per hour as an ambulance attendant and $4.50 an hour as a carpenter.

As a result of his injury, which necessitated repeated hospitalizations and eventual surgery, plaintiff has been unable to return to either of his former jobs. Defendant Employers Insurance of Wausau, which provided defendant Clark Township with workers' disability insurance, commenced voluntary payments of $93 per week to plaintiff from the date of his injury through December of 1976. When his benefits ceased, plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

requested a hearing with the Bureau of Workers' Disability Compensation. In a decision dated December 23, 1977, a hearing referee awarded plaintiff $99 per week pursuant to MCL 418.161; MSA 17.237(161), which proivdes that volunteer ambulance attendants who are injured in the performance of their duties shall receive compensation based on the state average weekly wage. Defendants timely filed an appeal with the Workers' Compensation Appeal Board.

The board, in a decision dated May 13, 1983, affirmed the hearing referee's finding that plaintiff was entitled to receive compensation benefits. It further held, however, that MCL 418.161(1)(a); MSA 17.237(161)(1)(a), which was amended in 1976 to include volunteer ambulance attendants, did not apply retroactively to plaintiff's 1973 injury. Therefore, plaintiff's award of $99 was reduced to $53.33 per week pursuant to MCL 418.351; MSA 17.237(351) and MCL 418.357; MSA 17.237(357). Plaintiff was granted leave to appeal the board's determination. Defendants have filed a cross-appeal alleging that plaintiff's completion of a rehabilitation program has negated his right to receive any benefits.

Findings of fact made by the Workers' Compensation Appeal Board are conclusive and may not be set aside if supported by record evidence absent a showing of fraud. *Morris v Metals Engineering Mfg Co,* 122 Mich App 404, 407; 332 NW2d 495 (1983). However, an appellate court may examine the board's application of legal standards. *Morris, supra;* MCL 418.861; MSA 17.237(861).

The first issue presented on appeal is whether MCL 418.161(1)(a); MSA 17.237(161)(1)(a) is to be applied retroactively to plaintiff's 1973 injury. The statute, amended in 1976 to include for the first

time voluntary ambulance drivers and attendants, presently reads as follows:

"A volunteer ambulance driver or attendant shall be considered to be an employee of the county, city, village, or township and entitled to the benefits of this act when personally injured in the performance of duties as a volunteer ambulance driver or attendant and shall be considered to be receiving the state average weekly wage at the time of injury, as last determined under section 355, from the county, city, village, or township for purposes of calculating the weekly rate of compensation provided under this act."

In effect, volunteer ambulance drivers and attendants, along with volunteer fire fighters, safety patrol officers, and civil defense workers, are entitled to receive the maximum rate of compensation allowed by law if injured during the course of their public employment. See MCL 418.351(1); MSA 17.237(351)(1) and MCL 418.355(2); MSA 17.237(355)(2).

As a matter of statutory construction, a statute is presumed to operate prospectively unless the Legislature either expressly or impliedly indicates its intention to give retroactive effect. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984); *Hughes v Judges' Retirement Board,* 407 Mich 75, 85; 282 NW2d 160 (1979). This general rule does not apply, however, to statutes which are remedial or procedural in nature. *Selk, supra,* p 10; *Freij v St Peters Evangelical Lutheran Church,* 72 Mich App 456; 250 NW2d 78 (1976), *lv den* 399 Mich 862 (1977). Statutes which operate in furtherance of a remedy already existing and which neither create new rights nor destroy existing rights are held to operate retrospectively unless a contrary legislative intent is manifested. *Selk, supra,* p 10; *Hansen-Snyder Co v General*

*Motors Corp,* 371 Mich 480, 485; 124 NW2d 286 (1963). The question therefore becomes whether MCL 418.161(1)(a); MSA 17.237(161)(1)(a) as amended is remedial in nature.

It has been held that a statute or amendment is remedial if it is "designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good". *Rookledge v Garwood,* 340 Mich 444, 453; 65 NW2d 785 (1954), quoting *In re School Dist No 6, Paris & Wyoming Twps, Kent County,* 284 Mich 132, 144; 278 NW 792 (1938). See, also, *Freij, supra,* p 459. Similarly, statutes are remedial which

> "abridge superfluities of former laws, remedying defects therein, or mischiefs thereof implying an intention to reform or extend existing rights, and having for their purpose the promotion of justice and the advancement of public welfare and of important and beneficial public objects, such as the protection of the health, morals, and safety of society, or of the public generally." *Rookledge, supra,* p 453, citing 50 AM Jur, Statutes, § 15, pp 33-34.

We conclude from the foregoing that the statute with which we are here concerned is remedial in nature. The 1976 amendment to § 161 did not create a substantive right in workers such as plaintiff to collect compensation benefits but instead expanded an already existing remedy. See *Lahti v Fosterling,* 357 Mich 578, 587; 99 NW2d 490 (1959). The question we face is not whether plaintiff is entitled to receive benefits but rather in what amount. That amount has been determined by the Legislature.

Like their counterparts in § 161(1)(a) who fight fires, patrol thoroughfares, and provide for the civil defense, volunteer ambulance attendants provide valuable services to counties and municipali-

ties at a reduced rate. Many such volunteers, like plaintiff, derive the main source of their income from other occupations. Yet without the benefit of § 161(1), a volunteer injured during the course of his public employment who is thereby prevented from engaging in either of his jobs would receive compensation benefits based only on his rate of pay as a volunteer. Section 161(1)(a) remedies that situation by allowing volunteers instead to receive compensation based on the state average weekly wage. It seems likely that the 1976 amendment was enacted to correct a legislative oversight; there is no good reason to think that the Legislature, prior to 1976, intended to exclude volunteer ambulance drivers and attendants from this coverage.

Finally, the 1976 amendment is conducive to the public good. The services provided by volunteer ambulance drivers and attendants bear directly on the health and safety of those individuals in need of emergency medical attention. Society as a whole is benefitted both from the health and number of its members and by the knowledge that such emergency medical services are available in the event of crisis.

When seen against the whole of the Worker's Disability Compensation Act, which is to be liberally construed, see *e.g., Elliott v Smith,* 47 Mich App 236, 240; 209 NW2d 425 (1973), *lv den* 390 Mich 767 (1973), we conclude that § 161(1)(a) as amended is remedial in nature and must therefore be given retroactive effect.

The second issue presented on appeal is whether plaintiff, by completing a rehabilitation program in the electronics field, has established a "wage earning capacity" pursuant to MCL 418.371(1); MSA 17.237(371)(1), and is thereby precluded from receiving compensation benefits.

A claimant's wage earning capacity following an injury is a question of fact which will depend upon the nature of the work performed, the availability of suitable employment, the nature and extent of the disability, and the wages earned subsequent to injury. *Frammolino v Richmond Products Co,* 79 Mich App 18, 26-27; 260 NW2d 908 (1977); *Mitchell v General Motors Corp,* 89 Mich App 552, 555; 280 NW2d 594 (1979), *lv den* 407 Mich 881 (1979).

Upon a review of the facts here, the board concluded that, despite plaintiff's rehabilitative efforts, his wage earning capacity had not been increased:

"Not only has there been no offer of *any* work herein * * *, the record is persuasive of definite limitations in plaintiff's adopted vocation preventing any permanent employment." (Emphasis in original.)

Such findings of fact are conclusive as to plaintiff's wage earning capacity. Defendants' contentions are therefore rejected.

Affirmed in part and reversed in part.