ALLSTATE INSURANCE COMPANY v FAULHABER

Docket No. 90271. Submitted October 15, 1986, at Lansing. Decided January 6, 1987.

Allstate Insurance Company brought an action in the Lenawee Circuit Court against Scheilan Faulhaber. Plaintiff sought to recoup from defendant monies it had paid as no-fault insurance benefits, pursuant to an assigned claim, to JacLynn Faulhaber, who was injured in an accident involving defendant's uninsured automobile. The trial court, Kenneth B. Glaser, J., granted defendant's motion for summary disposition, ruling that plaintiff's claim was not filed within the applicable three-year statutory period of limitations. Plaintiff appealed.

The Court of Appeals *held:*

1. The Legislature, by an amendment to the no-fault act adopted while this case was pending, has provided that an action against a third party to enforce rights to indemnity or reimbursement shall not be commenced after the later of two years after the assignment of the claim to the insurer or one year after the date of the last payment to the claimant.

2. The amendment has retroactive effect, having been intended by the Legislature as a remedy to the lack of a definitive statute of limitations for such actions.

3. In this case, plaintiff commenced its action within one year after it last paid benefits. Thus, the action was timely.

Reversed.

1. STATUTES — RETROACTIVITY — JUDICIAL CONSTRUCTION.

A statute which operates in furtherance of a remedy already existing and which neither creates new rights nor destroys existing rights operates retroactively unless a contrary legislative intent is manifested; a statute is considered remedial or

REFERENCES

Am Jur 2d, Automobile Insurance § 348.

Am Jur 2d, Statutes §§ 347 *et seq.*

When statute of limitations commences to run against claim for contribution or indemnity based on tort. 57 ALR3d 867.

See also the annotations in the Index to Annotations under Statutes.

procedural if it is designed to correct an existing oversight in the law or redress an existing grievance.

2. INSURANCE — NO-FAULT — ASSIGNED CLAIMS — INDEMNITY FROM THIRD PARTIES — LIMITATION OF ACTIONS.

The amendment to the no-fault act, by which the Legislature provided that a no-fault insurer on an assigned claim may not commence an action against a third party to enforce rights to indemnity or reimbursement after the later of two years after the assignment of the claim to the insurer or one year after the date of the last payment to the claimant, is to be applied retroactively (MCL 500.3175[3]; MSA 24.13175[3]).

*Best, Arnold, Gleeson, Best & Schmucker, P.C.* (by *Michael J. Klaeren*), for plaintiff.

*Baker, Durst, Marr, Nelson, Benz & Baldwin* (by *Dane C. Nelson*), for defendant.

Before: DANHOF, C.J., and BRONSON and T. GILLESPIE,* JJ.

PER CURIAM. On February 14, 1982, JacLynn Faulhaber was injured in an automobile accident while occupying an automobile owned by the defendant. The vehicle was not insured with a policy of no-fault insurance. As a result, the claim was assigned to Allstate Insurance Company for the payment of benefits. See MCL 500.3171; MSA 24.13171. Allstate last paid benefits to JacLynn Faulhaber on October 16, 1984.

On October 8, 1985, Allstate, as subrogee to JacLynn Faulhaber, commenced the present action against the defendant, requesting recoupment of the monies paid on behalf of Ms. Faulhaber. MCL 500.3175; MCL 24.13175. Defendant promptly moved for summary disposition asserting that Allstate's claim was barred by the one-year period of limitations found in MCL 500.3145; 24.13145. All-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

state argued that the six-year period of limitations of MCL 600.5807(8); MSA 27A.5807(8) applied because there was no other applicable statute of limitations. The trial court ruled that the general three-year limitation period found in MCL 500.5805(8); MSA 27A.5805(8) applied and granted defendant's motion for summary disposition. Allstate appeals as of right.

During the pendency of this action, the Legislature amended the no-fault insurance act to provide for a specific statute of limitations for an action to enforce rights to indemnity or reimbursement against a third party. As evidenced by the present case, prior to the enactment of this statutory amendment there was no clear statute of limitations governing actions for indemnification or reimbursement. MCL 500.3175(3); MSA 24.13175(3) now provides:

> An action to enforce rights to indemnity or reimbursement against a third party shall not be commenced after the later of 2 years after the assignment of the claim to the insurer or 1 year after the date of the last payment to the claimant.

Allstate argues that this Court should apply the new statute of limitations to the present action despite the fact that the enactment did not become effective until after Allstate made their last payment to JacLynn Faulhaber. We agree.

Generally, a statute is presumed to operate prospectively unless the Legislature either expressly or impliedly indicates an intention to give the statute retroactive effect. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984). This rule does not apply to statutory amendments which can be classified as remedial or procedural in nature. *Spencer v Clark Twp,* 142 Mich App 63,

69; 368 NW2d 897 (1985). Further, a statute which operates in furtherance of a remedy already existing and which neither creates new rights nor destroys existing rights is held to operate retroactively unless a contrary legislative intent is manifested. *Selk, supra,* p 10.

A statute is considered remedial or procedural if it is designed to correct an existing oversight in the law or redress an existing grievance. *Spencer, supra,* p 68. Those statutory amendments which imply an intention to reform or extend existing rights are generally viewed as remedial. *Id.* It has also been recognized that, when a statute is uncertain, any amendment adopted which serves to clarify that uncertainty is ordinarily given retroactive effect. *ACCO Industries, Inc v Dep't of Treasury,* 134 Mich App 316, 322; 350 NW2d 874 (1984), lv den 421 Mich 857 (1985).

In this case, we conclude that the statutory amendment to MCL 500.3175; MSA 24.13175 is remedial and should be applied retroactively to Allstate's claim against the defendant. The 1985 amendment to § 3175(3) did not create a new substantive right for insurance companies, but instead simply provided for a definitive statute of limitations in reimbursement actions. Prior to the statutory amendment, no clear statute of limitations existed in such actions. Thus, we believe that the amendment was intended by the Legislature to clarify this ambiguity in the no-fault act and provide for uniformity. Since it appears that the amendment was enacted to correct a legislative oversight, we believe that the Legislature intended for it to apply retroactively to all actions. The new statute of limitations does not take away any substantive right of the defendant nor can we discern any real prejudice to the defendant by applying the statute retroactively.

When the new statute of limitations is applied to Allstate's action in the present case, it is clear that the reimbursement action was timely filed. Allstate last paid benefits to or on behalf of Jac-Lynn Faulhaber on October 16, 1984, and commenced the present action on October 8, 1985. Section 3175(3) provides for a statute of limitations of two years after the assignment of the claim to the insurance company or within one year after the last benefits have been paid. Since Allstate's action was commenced within one year after they last paid benefits, their action was timely. Therefore, the trial court erred in dismissing Allstate's claim against the defendant.

Accordingly, the judgment of the trial court is reversed and the case remanded for reinstatement of Allstate's action against the defendant.

BRONSON, J., did not participate.