McGILLIS v AIDA ENGINEERING, INC

Docket No. 92014. Submitted April 7, 1987, at Detroit. Decided July 7, 1987.

John W. McGillis was injured on July 24, 1985, in the course of his employment with AVR Manufacturing Corporation. McGillis sought workers' disability compensation benefits and received those benefits several weeks before being informed that he would receive no further payments of benefits because his employer was not insured for workers' compensation liability. McGillis brought an action for damages in Wayne Circuit Court against Aida Engineering, Inc., Sigma Engineering Company and his employer AVR Manufacturing Corporation. Defendant AVR moved for summary disposition on the basis that the July 30, 1985, amendment to the Workers' Disability Compensation Act which permitted the bringing of tort actions by employees against employers who failed to comply with the security provisions of the act was not applicable because plaintiff's injury occurred prior to the effective date of that amendment. The trial court, John H. Hausner, J., agreed with defendant AVR's position and granted summary disposition in favor of defendant AVR. Plaintiff appealed.

The Court of Appeals held:

Because of the remedial nature of the workers' disability compensation statutory scheme, the statutory provision permitting the bringing of a tort action against an employer who fails to provide workers' disability compensation protection to its employees should be given retrospective application. Plaintiff should be permitted to proceed with his tort claim against his employer under these circumstances.

Reversed and remanded.

WORKERS' COMPENSATION — EXCLUSIVE REMEDY — EMPLOYER TORT
     LIABILITY — ACTIONS.
     The 1985 amendment to the Workers' Disability Compensation

REFERENCES

Am Jur 2d, Master and Servant § 351.

Am Jur 2d, Statutes § 354.

See the annotations in the Index to Annotations under Workers' Compensation.

Act which permits an employee to bring against his employer an action for damages for an injury which arises out of and in the course of his employment where the employer fails to provide workers' disability compensation protection, being remedial in nature, is to be given retroactive application with respect to injuries which were sustained prior to the date that amendment took effect (MCL 418.641[2]; MSA 17.237[641][2], as amended by 1985 PA 103).

*Christensen & Christensen* (by *Timothy J. Christensen*), for plaintiff.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Leonard B. Schwartz* and *Patrick J. Burkett*), for AVR Manufacturing Corporation.

Before: DANHOF, C.J., and GRIBBS and K. JANSEN,* JJ.

GRIBBS, J. On July 24, 1985, plaintiff had several fingers amputated while operating a press during his employment with defendant AVR Manufacturing Corporation. Plaintiff filed the statutory injury report with the Bureau of Workers' Disability Compensation. While plaintiff initially received several weeks worth of compensation benefits, they were stopped after plaintiff was informed that defendant AVR was not insured for workers' compensation as of the date of the injury. In fact, defendant AVR's workers' compensation coverage had been terminated on July 13, 1985, for nonpayment of premiums.

On September 13, 1985, plaintiff filed suit in the Wayne Circuit Court against defendant AVR, among others, seeking damages for his injuries. Defendant AVR brought a motion for summary disposition, which the trial court granted on April 2, 1986, finding plaintiff had no cause of action

* Circuit judge, sitting on the Court of Appeals by assignment.

under MCL 418.641(2); MSA 17.237(641)(2), as amended by 1985 PA 103, effective July 30, 1985, on the basis that the amended language permitting such an action could not be applied retroactively. Plaintiff appeals from this order. We reverse.

Every employer subject to the Workers' Disability Compensation Act is liable for compensation awarded to its injured employees. The recovery of benefits under the act is the employee's exclusive remedy against the employer. MCL 417.131; MSA 17.237(131). MCL 418.611; MSA 17.237(611) mandates that each employer subject to the act shall secure the payment of compensation by one of three prescribed methods. The three methods are: (1) becoming an authorized self-insurer; (2) insuring with an authorized insurer; or (3) insuring with the accident fund. Employers who do not comply with § 611 are not allowed any exemption otherwise allowed by statute upon the enforcement of an award of compensation, and the officers and directors of corporate employers are held liable for that part of the compensation award unsatisfied after execution against the corporation. MCL 417.647; MSA 17.237(647).

The amended statute implicated in this case, MCL 418.641(2); MSA 17.237(641)(2), reads:

The employee of an employer who violates the provisions of section 171 or 611 shall be entitled to recover damages from the employer in a civil action because of an injury that arose out of and in the course of employment notwithstanding the provisions of section 131.

Thus, if an employer does not secure payment of compensation, it can be held liable in tort. The language of § 641 prior to its 1985 amendment provided solely that the state could bring a civil

action for noncompliance and collect up to $100 per day for each day of noncompliance. 1985 PA 103 also changed the fine amount to $1,000 a day.

As noted, § 641(2) was made effective on July 30, 1985, six days after plaintiff's injury. Plaintiff argues that the amendment is remedial in nature and that it does not destroy any vested rights and that, therefore, retroactive application of the amendatory language should be allowed. Defendant AVR counters that there is no indication of a legislative intent to apply the amendment retroactively, that the amendment creates a new cause of action for certain employees which impairs vested rights under existing law, and that the amended provision imposes a penalty on employers who do not obtain insurance.

Our analysis begins with the general rule that a statute is presumed to operate prospectively unless the contrary intent is expressly or impliedly manifested by the Legislature. *Selk v Detroit Plastics Products,* 419 Mich 1, 9; 345 NW2d 184 (1984); *Allstate Ins Co v Faulhaber,* 157 Mich App 164, 166; 403 NW2d 527 (1987). However, if the statutory amendment can be classified as remedial or procedural in nature, an exception to the general rule is recognized. *Franks v White Pine Copper Division,* 422 Mich 636, 672; 375 NW2d 715 (1985); *Selk, supra,* p 10; *Faulhaber, supra,* p 166. Where a statute operates in furtherance of a remedy already existing, it is held to operate retroactively if it does not create new rights nor destroy existing rights, unless a contrary legislative intent is manifested. *Selk, supra,* p 10, *Faulhaber, supra,* p 167. Further, those statutes which imply an intention to reform or extend existing rights are generally viewed as remedial. *Faulhaber, supra,* p 167; *Spencer v Clark Twp,* 142 Mich App 63, 68; 368 NW2d 897 (1985).

Additionally, we recognize that the Workers' Disability Compensation Act itself is remedial in nature and should be liberally construed in a humanitarian manner in favor of the injured employee. *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 651; 364 NW2d 670 (1984); *Hartsell v Richmond Lumber Co,* 154 Mich App 523, 534; 398 NW2d 456 (1986). Therefore, after applying the above principles, we conclude that the amendment to § 641 is remedial in nature and consequently should be applied retroactively.

Prior to the amendment, an employer who failed to secure payment of compensation as required by § 611 was subject to significant fines during the period of its noncompliance. While 1985 PA 103 did not change the basis for this penalty, the fine was increased considerably. However, we note that the party with the most to lose from the failure of an employer to secure payment of compensation, and therefore the party with the greatest incentive to see that an employer procures and maintains insurance, i.e., the injured employee, had no means through § 641 by which to pressure employers to comply with the mandate of § 611 that they secure payment of compensation. This remedy was left to the state's sometimes haphazard enforcement. Thus, the amendment to § 641 operated in furtherance of a remedy already existing—encouraging compliance by employers with § 611. The amendment acted as a reform by giving more teeth to § 641.

We also note that employers and the officers and directors of corporate employers, to the extent the employer is unable to pay, remain liable to injured employees for the payment of compensation when the employer has not complied with the provisions of § 611. Thus, prior to the amendment, an employer who did not secure payment of compensa-

tion faced considerable financial exposure by way of fines and continued liability for compensation. This further supports our belief that retroactive application of the amendment to § 641 will not destroy existing rights of defendant, since prior to the amendment it would have been liable for the injuries to its employee absent any insurance.

Defendant argues policy considerations dictate prospective application of § 641(2). Defendant takes the position that the exclusive remedy provision of the act is the "quo" received by the employer, surrendered by the employee in exchange for the "quid," absolute liability regardless of fault. See *Downie v Kent Products, Inc*, 420 Mich 197, 214-215; 362 NW2d 605 (1984), reh den 421 Mich 1202 (1985). We find defendant's claim of reliance on the quid pro quo of the act specious in light of defendant's failure to comply with the mandatory provisions of § 611. Defendant seeks the protection of the act when it suits its purpose without meeting its requirements. We cannot attribute an intention on the part of the Legislature to reward those in defendant's position.

We believe that the amendment was enacted to correct a legislative oversight as a means of enhancing the already existing remedies against an employer who does not comply with § 611. We find our interpretation consistent with the purpose of the Workers' Disability Compensation Act that it be construed in a liberal and humanitarian manner in favor of the injured employee. Accordingly, we hold that MCL 418.641(2); MSA 17.237(641)(2) is to be applied retroactively.

The judgment of the trial court is reversed and the case remanded for reinstatement of plaintiff's action against defendant.

Reversed and remanded.