## MACOMB COUNTY PROFESSIONAL DEPUTIES ASSOCIATION v MACOMB COUNTY

Docket No. 109644. Submitted October 4, 1989, at Detroit. Decided March 20, 1990.

Negotiations over renewal of a collective bargaining agreement between Macomb County and the Macomb County Professional Deputies Association, the bargaining agent for nonsupervisory employees of the Macomb County Sheriff's Department, reached impasse over several issues, including one related to the establishment of a formula for determining average final compensation for purposes of calculating pension benefits. The association had proposed a formula under which benefits would exceed what was then authorized under MCL 46.12a; MSA 5.333(1). The county rejected the proposal, contending it to be violative of § 12a. The association filed with the Michigan Employment Relations Commission a petition for compulsory arbitration. Arbitrator Thomas V. LoCicero issued a decision on July 19, 1987, disposing of all disputed issues with the exception of the pension formula issue. The association brought an action in Macomb Circuit Court against the county and the arbitrator. The association sought a declaration that, by virtue of the county's duty to bargain in good faith on mandatory subjects of bargaining, as required by the public employment relations act, MCL 423.201 et seq.; MSA 17.455(1) et seq., the county may enter into a collective bargaining agreement that provides for retirement benefits in excess of that allowed under § 12a. The court, Frederick D. Balkwill, J., in granting the relief sought by the association, ruled that public policy considerations dictate that the duty to bargain imposed by PERA be paramount over § 12a notwithstanding that section's specific provisions regarding pension benefits. The county appealed.

The Court of Appeals held:

1988 PA 499, effective December 29, 1988, amended § 12a so

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1790, 1791; Pensions and Retirement Funds § 1618.

See the Index to Annotations under Collective Bargaining; Pension and Retirement; Sheriffs.

as to allow a county engaged in collective bargaining pursuant to PERA to enter into an agreement that provides for employee retirement benefits in excess of those benefits otherwise authorized under § 12a. Because this amendatory act is remedial in nature, it is to be given retroactive application. In light of this amendment, the trial court reached the right result.

Affirmed; case remanded to the MERC arbitrator for a decision on the pension formula issue.

COUNTIES — EMPLOYEE RETIREMENT PLANS — COLLECTIVE BARGAINING — STATUTES.

1988 PA 499, which amended MCL 46.12a; MSA 5.333(1) to allow a county engaged in collective bargaining pursuant to the public employment relations act to enter into an agreement providing for employee retirement benefits in excess of those benefits otherwise authorized under § 12a, is to be given retroactive application with respect to collective bargaining negotiations reaching impasse over such benefits before the amendatory act's December 29, 1988, effective date (MCL 46.12a[27], 423.201 et seq.; MSA 5.333[1], 17.455[1] et seq.).

*Finkel, Whitefield & Selik, P.C.* (by *Marc G. Whitefield* and *Peter P. Sudnick*), for Macomb County Professional Deputies Association.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *David E. Kempner* and *Charles E. Keller*), for Macomb County.

Before: SHEPHERD, P.J., and DOCTOROFF and T. GILLESPIE,* JJ.

PER CURIAM. Defendant Macomb County appeals from a February 29, 1988, entry of a declaratory judgment in favor of plaintiff Macomb County Professional Deputies Association. We affirm.

The material facts are not in dispute. Plaintiff is a labor organization certified as the exclusive bargaining representative for nonsupervisory employees of defendant county's sheriff's department. On

* Former circuit judge, sitting on the Court of Appeals by assignment.

December 31, 1985, a collective bargaining agreement entered into between plaintiff and defendant, on behalf of the aforementioned bargaining unit, expired. Thereafter, the parties were unable to agree on the terms of a new contract, including any terms relating to the establishment of a formula for determining average final compensation for purposes of calculating pension benefits. Plaintiff had proposed a computation of average final compensation based on an average of an employee's three highest consecutive years of compensation. Defendant had rejected plaintiff's proposal, asserting that if defendant accepted this proposal then defendant would violate MCL 46.12a; MSA 5.333(1), as amended by 1984 PA 177, which then provided in pertinent part:

* * *

(1) A county board of commissioners at a lawfully held meeting may:

(b). . . As an option, a county board of commissioners may adopt and establish a plan by which *the county shall pay pension or retirement benefits* to a county employee or an employee of an office, board, or department of the county, including the board of county road commissioners, who has been employed for not less than 25 years or who is 60 years of age or older, and has been employed for not less than 5 years, *to the extent of monthly payments equal to 2% of the employee's highest average monthly compensation* or earnings received from the county or county road fund for 5 years of service times the total number of years of service of the employee, including a fraction of a year not to exceed ¾ the average final compensation of the employee. . . . Endowment policies, *retirement benefits, pensions,* or annuity retirement benefits *in excess of the amounts stipulated in this subdivision may be provided for by a plan of employee participation to cover the cost of the excess.* . . .

(2) . . . "Average final compensation" as used in this section means *the annual average of the highest actual compensation received* by a county employee, other than a county employee who is either a judge of a municipal court of record subject to subsection (21) or a judge subject to subsection (24), *during either a period of 5 consecutive years of service contained within the employee's 10 years of service immediately preceding the employee's retirement or a period of 5 years of service as specified in the plan.* [Emphasis added.]

Having reached an impasse on the pension formula issue, as well as on a myriad of other issues, plaintiff filed a petition for compulsory arbitration with the Michigan Employment Relations Commission pursuant to MCL 423.231 *et seq.*; MSA 17.455(31) *et seq.* The arbitrator issued his decision and award on July 19, 1987, disposing of all disputed issues with the exception of the pension formula issue. The arbitrator declined to rule on this issue, finding that the issue's resolution involved a question of law for a court to decide. However, the arbitrator did retain jurisdiction to resolve the issue at a later date, after receiving "further instructions." The instant action followed.

The primary question before the circuit court for consideration was whether defendant's duty to bargain in good faith on mandatory subjects of bargaining, as required by the public employment relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.*, permits defendant to enter into a collective bargaining agreement that contains a definition of average final compensation different than the statutory definition set forth in MCL 46.12a(2); MSA 5.333(1)(2), and that requires defendant to pay pension benefits in excess of the two-percent statutory ceiling set forth in MCL 46.12a(1)(b); MSA 5.333(1)(1)(b). The circuit court answered this question as follows:

[A] county retirement plan, as a general rule, must comply with the state law, specifically MCL 46.12a. See *Gray v Wayne County,* 148 Mich 247; 384 NW2d 141 (1986). Therefore, absent an overriding consideration imposed by PERA, the parties could not contract to exceed the limitations of MCL 46.12a[.]

\* \* \*

[T]his Court is satisfied Michigan public policy makes the duty to bargain imposed by PERA paramount over MCL 46.12a notwithstanding its specific provisions regarding pension benefits.

The Michigan Supreme Court has consistently construed PERA as the dominant law regulating public labor relations. When there is a conflict between PERA and another statute, PERA prevails, diminishing the conflicting statute *pro tanto. Detroit Board of Education v Parks,* 417 Mich 268, 280; 335 NW2d 641 (1983)[,] and citations therein. The goal of statutory construction when a statute allegedly conflicts with PERA was well stated in *Police Officers Ass'n v Detroit,* 391 Mich 44, 65 fn 13; [214 NW2d 803 (1974)]. However, in that case the Supreme Court determined no conflict existed because the charter provision relied upon by the City of Detroit was found not to be required by state law. The Court determined PERA dominated over the charter provision which required voter approval of all retirement plan changes.

Conflict is not so readily avoided in the instant case. PERA imposes a mandatory duty to bargain upon pension issues while MCL 46.12a places substantive limitations on pension plans. The employer funded portion of the plan is currently at the maximum amount allowed by MCL 46.12a. Under these circumstances, the duty to bargain is of little practical import. Unless the employees offer to make greater contributions themselves, no room to negotiate exists. Thus a direct conflict arises between the duty to bargain imposed by PERA and the limitations imposed upon bargaining by MCL 46.12a.

This Court is satisfied Michigan public policy requires a determination that PERA diminished MCL 46.12a *pro tanto* as it applies to members of the collective bargaining unit. MCL 46.12a was not intended to restrict collective bargaining or regulate labor relations. On the other hand, there is a clear and dominant public policy in support of PERA and open collective bargaining between parties on the conditions of employment. Meaningful collective bargaining can only occur in the present situation if the substantive limitations of MCL 46.12a are held inapplicable to the bargaining.

We agree with the result that flows from the circuit court's decision. However, we choose a separate rationale upon which to base our affirmance.

During the pendency of this action, the Legislature amended MCL 46.12a; MSA 5.333(1) to allow a county to enter into a collective bargaining agreement that requires the county to pay pension benefits in excess of the two-percent ceiling. MCL 46.12a(27); MSA 5.333(1)(27), as amended by 1988 PA 499, effective December 29, 1988, provides:

If a county enters into a collective bargaining agreement pursuant to Act No. 336 of the Public Acts of 1947, being sections 423.201 to 423.216 of the Michigan Compiled Laws, which provides for retirement benefits that are in excess of the retirement benefits otherwise authorized to be provided under this section for employees of the county who are covered by a plan under this section, then the county board of commissioners may amend or adopt a plan under this section to provide those benefits to employees who are members of the bargaining unit covered by the agreement, and may, after December 31, 1987, amend or adopt a plan under this section to provide those benefits to other employees of the county.

We conclude that this amendment is remedial in

nature and that it must be given retroactive application.

Generally, a statute is presumed to operate prospectively unless the Legislature either expressly or impliedly indicates its intention to give retroactive effect. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984). This general rule does not apply, however, to statutes or amendments which are remedial or procedural in nature. *McGillis v Aida Engineering, Inc,* 161 Mich App 370, 373; 410 NW2d 817 (1987); *Spencer v Clark Twp,* 142 Mich App 63, 67-68; 368 NW2d 897 (1985). A statute or amendment is remedial or procedural if it is designed to correct an existing oversight in the law or redress an existing grievance. *Allstate Ins Co v Faulhaber,* 157 Mich App 164, 167; 403 NW2d 527 (1987); *Spencer, supra,* p 68. Also, a statute or amendment is remedial if it implies an intention to reform or extends existing rights. *McGillis, supra,* p 373; *Faulhaber, supra,* p 167.

Prior to enacting the amendment, the interplay between defendant's obligations under PERA and MCL 46.12a; MSA 5.333(1) was ambiguous. On the one hand, changes in pension and retirement provisions are mandatory subjects of bargaining. *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44, 63; 214 NW2d 803 (1974). PERA imposes on this duty to bargain a duty to bargain in good faith. *Id.* On the other hand, it would appear that the restrictions placed on defendant's ability to make changes in pension provisions by the unamended MCL 46.12a; MSA 5.333(1) severely diminish, if not render nugatory, defendant's statutory duty to negotiate in good faith on a mandatory subject of bargaining. By enacting the amendment, we believe the Legislature intended to clarify this ambiguity, to harmonize the two statutes, and to re-

form the law governing this area of employment relations. We further believe that the amendment neither creates nor destroys any existing right. It does not establish in defendant's employees any right to receive benefits. Instead, it merely provides a procedure by which to ascertain the amount of benefits to be received. We conclude, therefore, that the amendment was remedial in nature and that the Legislature intended to apply it retroactively.

Accordingly, the order of the circuit court is affirmed and the case is remanded to the MERC arbitrator for a decision and an award on the pension formula issue.