THOMPSON v MERRITT

Docket No. 116978. Submitted April 2, 1991, at Lansing. Decided
    December 30, 1991, at 9:30 A.M.

Michelle G. Thompson brought a paternity action in the Living-
    ston Circuit Court in August 1987 against Michael F. Merritt,
    who, from the child's birth in December 1986, acknowledged
    paternity and voluntarily paid $100 a week to support the
    child. The court, William F. LaVoy, J., entered an interim
    order of child support in the amount of $200 a week. After
    trial, a judgment of filiation was entered on April 14, 1989. The
    judgment ordered the defendant to pay $125 a week child
    support until June 30, 1989, and $113 a week thereafter until
    the child's eighteenth birthday or graduation from high school,
    whichever occurred last, but no later than the child's nine-
    teenth birthday. The support order was made retroactive to the
    child's date of birth, and the defendant was ordered to pay the
    cost of care provided by the plaintiff's gynecologist and the
    attorney fees incurred by the plaintiff when the defendant
    refused to cooperate in discovery. The court determined that
    the cost of the plaintiff's hospital confinement and her remain-
    ing attorney fees were costs she had to bear. The plaintiff
    appealed, and the defendant cross appealed.

    The Court of Appeals held:

    1. Pursuant to the Paternity Act, MCL 722.717(3); MSA
    25.497(3), as amended by 1989 PA 277, effective December 26,
    1989, a court in a paternity action must order child support in
    an amount determined by applying the formula set in the
    Michigan Child Support Guideline Manual, or otherwise set
    forth in writing or on the record the reasons for awarding a
    different amount. Because the amended statute sets forth and
    clarifies the procedure for determining child support in pater-
    nity actions, it is to be retroactively applied in this case.
    Remand is required to allow the trial court to determine child
    support in accordance with the amended statute.

    2. The trial court erred in excluding from the defendant's

REFERENCES .

Am Jur 2d, Bastards §§ 67, 68.
Constitutionality of gender-based classification in laws proscribing
    nonsupport of spouse or child. 14 ALR4th 717.

income monies he received from an annuity and from land contracts. Any payment due from an annuity is income as defined by the Support and Visitation Enforcement Act, MCL 552.602(c); MSA 25.164(2)(c), and, under the child support guidelines, income derived by a parent from a land contract is considered part of the parent's income.

3. A separate award for child care, which the plaintiff claims should have been made, is not mandated by the Paternity Act or the Michigan Child Support Guideline Manual. Although a court must make a determination with respect to the cost of child care, those expenses are factored into the total award of support.

4. The trial court, in entering a final order of support in an amount less than the interim support and retroactive to the child's date of birth, did not violate MCL 552.603(2); MSA 25.164(3)(2), which provides that a support order that is part of a judgment or is an order in a domestic relations matter is not subject to retroactive modification. By its plain terms, the statute does not apply to interim orders. Also, MCR 3.206(B)(3) (d) provides that an ex parte interim child support order is subject to change that can be made effective on the date the interim order was entered.

5. The defendant is incorrect in claiming that the trial court could not order payment of child support for the period between the child's birth and the date of the interim order of support because such an order represented an impermissible retroactive modification of the parties' agreement of $100 in weekly support for that period. The trial court's order is consistent with, the Paternity Act, MCL 722.717(2); MSA 25.497(2), which provides for payment by the father of the necessary expenses incurred for the support of the child before the order of filiation.

6. Attorney fees are awardable under the Paternity Act, MCL 722.717(2); MSA 25.497(2), where necessary to enable a party to carry on or defend an action. On remand, the plaintiff should be given the opportunity to make such a showing in support of her request for an award of attorney fees.

7. Pursuant to the Paternity Act, MCL 722.712(a); MSA 25.492(a) and MCL 722.717(2); MSA 25.497(2), a father must pay the necessary expenses of the mother's confinement. In this case, the trial court correctly concluded that the costs of confinement that were incurred because the plaintiff chose not to use a facility covered by her health insurance were unnecessary expenses that should not be imposed on the defendant.

8. MCL 552.16a; MSA 25.96(1) allows a court to order pay-

ment of child support beyond the child's eighteenth birthday, but not later than age 19½, if the child attends high school full time. The trial court did not err in ordering payment of support until the child's eighteenth birthday or graduation from high school, but no later than the child's nineteenth birthday.

9. The Paternity Act, MCL 722.717(2); MSA 25.497(2), in requiring a father to pay the necessary costs of the mother's confinement and the costs related to pregnancy as the court considers proper, does not violate the equal protection guarantees of the federal and state constitutions. The act does not give rise to gender-based discrimination. Rather, it reflects the Legislature's intent to apportion the financial burdens of parenthood as equally and fairly as possible, considering the interests of the child and the financial status of the parents.

10. The trial court's award of attorney fees to the plaintiff against the defendant as a discovery sanction, MCR 2.313, was supported by the record.

Affirmed in part, reversed in part, and remanded.

1. Parent and Child — Paternity Actions — Child Support Guidelines.

Use of the Michigan Child Support Guideline Manual in paternity actions, as required by an amendment of the Paternity Act that took effect on December 26, 1989, may be required on remand of a paternity action in which the support order was entered before that date and the appeal was taken after (MCL 722.717[3]; MSA 25.497[3], as amended by 1989 PA 277).

2. Parent and Child — Interim Child Support Orders — Modification.

An ex parte interim child support order is subject to modification made effective on the date the interim order was entered; the statutory provision that a support order that is part of a judgment or is an order in a domestic relations matter is not subject to retroactive modification does not apply to interim orders (MCL 552.603[2]; MSA 25.164[3][2]; MCR 3.206[B][3][d]).

3. Parent and Child — Paternity Actions — Mother's Expenses — Constitutional Law — Equal Protection.

The Paternity Act, in requiring a father to pay the necessary costs of the mother's confinement and the costs related to pregnancy as the court considers proper, does not violate the equal protection guarantees of the federal and state constitutions (US Const, Am XIV; Const 1963, art 1, § 2; MCL 722.717[2]; MSA 25.497[2]).

*Judith A. Curtis,* for the plaintiff.

*Neal D. Nielsen,* for the defendant.

Before: WAHLS, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of filiation entered by the trial court on April 14, 1989. Plaintiff claims that the trial court erred in determining the amount of child support, in deciding that she should pay the costs of her hospital confinement, and in failing to award all of her attorney fees.

Defendant cross appeals from this same judgment and also contests the amount of child support awarded. In addition, defendant claims that the Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* is unconstitutional and that the trial court erred in imposing a retroactive award of child support and in ordering defendant to pay certain medical costs and attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

On December 5, 1986, plaintiff gave birth to Kaitlen Merritt. Defendant never denied paternity and agreed to pay $100 a week to support Kaitlen, beginning in January of 1987.

Plaintiff filed this lawsuit on August 7, 1987, and an interim order of child support in the amount of $200 a week was entered by the trial court. On January 10, 1989, the court denied defendant's motion for a reduction in child support, apparently because trial was scheduled to start.

The judgment of filiation was entered on April 14, 1989, and, under the terms of the judgment, defendant was ordered to pay child support in the

amount of $125 a week until June 30, 1989, when the amount of support would be lowered to $113 a week. The support order was made retroactive to Kaitlen's date of birth. Defendant was also ordered to pay the charges of plaintiff's gynecologist and the attorney fees incurred by plaintiff when defendant refused to cooperate in discovery. The judgment further provided that the cost of plaintiff's hospital confinement and her remaining attorney fees were costs that plaintiff had to bear.

In her appeal, plaintiff contends that the amount of child support was incorrectly determined because the trial court did not use the child support guidelines, erroneously calculated defendant's income, failed to include a separate award for child care, and modified a child support order retroactively. We agree in part and remand for a determination of support based on the Michigan Child Support Guideline Manual and for recalculation of defendant's income.

An award of child support rests in the sound discretion of the trial court, and the court's exercise of that discretion is presumed to be correct. *Dunn v Dunn,* 105 Mich App 793, 797; 307 NW2d 424 (1981). In determining the amount of child support to be paid, the court must consider the needs of the child, *Kalter v Kalter,* 155 Mich App 99, 104; 399 NW2d 455 (1986), and the parents' ability to pay, *Wilkins v Wilkins,* 149 Mich App 779, 792; 386 NW2d 677 (1986). The party appealing the support order bears the burden of showing an abuse of discretion. *Dunn, supra,* 797.

The factual findings of the trial court in a divorce case are reviewed for clear error. *Beason v Beason,* 435 Mich 791, 805; 460 NW2d 207 (1990). A finding is clearly erroneous if the appellate court, on all the evidence, is left with a definite and firm conviction that a mistake has been made.

*Id.* The trial court's conclusions of law, however, are not subject to the clearly erroneous standard. Where a finding is derived from an erroneous application of law to facts, the appellate court is not limited to review for clear error. Nor is an appellate court so limited when the trial judge's factual findings may have been influenced by an incorrect view of the law. *Id.,* 804-805.

Generally, statutory amendments are presumed to operate prospectively unless the Legislature expressly or impliedly indicates an intent to give retroactive effect. *Macomb Co Deputies v Macomb Co,* 182 Mich App 724, 730; 452 NW2d 902 (1990). A law may not apply retroactively if it abrogates or impairs vested rights, creates new obligations, or attaches new disabilities regarding transactions or considerations already past. *In re Certified Questions,* 416 Mich 558, 572; 331 NW2d 456 (1982). However, the general rule of prospectivity does not apply to statutes or amendments that are remedial or procedural. A statute is remedial or procedural if it is designed to correct an existing oversight in the law or redress an existing grievance or is intended to reform or extend existing rights. *Macomb Deputies, supra.*

Effective December 26, 1989, the Paternity Act was amended to read as follows:

> The court shall order support in an amount determined by application of the child support formula developed by the state friend of the court bureau, except that the court may enter an order that deviates from the formula under either of the following circumstances:
> (a) If the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following:
> (i) The support amount determined by application of the child support formula.

(ii) How the support order deviates from the child support formula.

(iii) The value of property or other support awarded in lieu of the payment of child support, if applicable.

(iv) The court's reasons for its determinations.

(b) If the parties agree to a different amount, provided that the party receiving child support is not a recipient of public assistance. [MCL 722.717(3); MSA 25.497(3), as amended by 1989 PA 277.]

In this case, the trial court apparently rejected a recommendation of child support made by the friend of the court and then briefly discussed defendant's ability to earn and the effect of Kaitlen's toilet training on the costs of day care before concluding that Kaitlen needed $125 a week. There was no explanation of how this particular figure was arrived at, and the record does not disclose what factors and considerations were relied on by the court.

Given this state of the record, an effective review on our part is not possible. Consequently, a remand is needed to permit the trial court to make a support determination that complies with MCL 722.717(3); MSA 25.497(3), an amendment that we believe should be applied retroactively because it sets forth and clarifies the procedure by which decisions regarding support are to be made.

We also agree with plaintiff that defendant's income was calculated incorrectly. The trial court apparently was persuaded that monies received from an annuity represented a return on defendant's investment that should not be included in his income. However, this decision is inconsistent with the definition of income found in the Support and Visitation Enforcement Act, MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.*, which provides "for the

enforcement of support and visitation orders with respect to divorce, separate maintenance, paternity, child custody, and spouse support."

That statute includes as income "[a]ny payment due or to be due in the future from a profit-sharing plan, pension plan, insurance contract, annuity, social security, unemployment compensation, supplemental unemployment benefits, and worker's compensation." MCL 552.602(c); MSA 25.164(2) (c). Consequently, we believe that any payments defendant receives from an annuity should be included as income.

Regarding plaintiff's argument that this same theory was incorrectly applied to the monies received from defendant's land contracts, we can find no record support for this contention. Although there is some confusion regarding the specific amount of income derived from these contracts, the trial court's use on remand of the Michigan Child Support Guideline Manual, particularly those sections dealing with the determination of net income, should clear up these problems.

Plaintiff also argues that a proper calculation of child support includes a separate award for child care. We disagree. Under the provisions of the Paternity Act, "support" may include payment of the expenses of medical, dental, and other health care, child care expenses, and educational expenses. MCL 722.717(4); MSA 25.497(4). And, under the Michigan Child Support Guideline Manual, "the noncustodial parent's portion of the custodial parent's child care costs . . . shall be added to the amount of support in the appropriate Child Support Guideline table." Although we agree that a separate determination of the costs of child care must be made by the trial court, language in the statute and the manual convinces us that these costs should be factored into the general award of

support and not awarded separately as plaintiff contends.

Plaintiff's final argument concerning this issue involves the order for interim child support that was entered by the trial court on November 4, 1987. The defendant was ordered to pay $200 a week in child support during the pendency of the action. This order further provided that it could be adjusted at a later time depending on what the proofs demonstrated. Plaintiff contends that when the judgment established defendant's child support obligation at $125 a week from the date of Kaitlen's birth, the judgment retroactively modified the terms of the order for interim child support that set child support at $200 a week. According to plaintiff, such a modification violates MCL 552.603(2); MSA 25.164(3)(2).

In a similar argument, defendant on cross appeal maintains that the trial court could not order the payment of $125 a week in child support for the period between Kaitlen's birth and the first court order of support. Defendant argues that, during that period, the agreement of the parties to $100 a week in child support was in effect and could not be modified retroactively by the court. We disagree with the arguments advanced by both parties.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). The first criterion in determining intent is the specific language of the statute. If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Foster v Stein,* 183 Mich App 424, 426; 454 NW2d 244 (1990). Statutory language should be construed reasonably, keeping in mind the purpose of the

act. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989).

MCL 552.603(2); MSA 25.164(3)(2), in pertinent part, provides:

> Except as otherwise provided in this section, a support order that is part of a judgment or is an order in a domestic relations matter . . . is a judgment on and after the date each support payment is due, with the full force, effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification.

Under the court rules, the court may enter an ex parte interim child support order that is subject to change "effective the date the interim order was entered." MCR 3.206(B)(3)(d).

In this case, the trial court issued an interim order for support that we believe should be subject to retroactive modification for two reasons. First, by its very terms, the statute that precludes retroactive modification, MCL 552.603(2); MSA 25.164(3)(2), applies to a support order that is part of a judgment or an order in a domestic relations matter. The statute makes no reference whatsoever to interim orders. Secondly, the court rule clearly provides for the retroactive modification of interim orders and explains that this possibility must be explained in the order.

What we are dealing with is an emergency situation where a decision on support must be made before the parties are given any opportunity to present their proofs. This differs significantly from an order of support that is part of a judgment or an order that is entered later in the proceedings after the parties have had a chance to present evidence on the issue. On the basis of these considerations, we can only conclude that

the type of interim order entered here is not subject to the statutory proscription.

Regarding defendant's argument concerning retroactive modification, the statutory language of MCL 722.717(2); MSA 25.497(2) provides for "the payment of the necessary expenses incurred . . . for the support of the child prior to the making of the order of filiation." Here the trial court's support order was made effective on the date of Kaitlen's birth. This is not a retroactive modification of a support order as defendant suggests because there was no support order in existence during this period. This order simply provided for the payment of expenses incurred before the entry of judgment, a provision permitted by the statute.

In her next issue, plaintiff contends that the trial court erred in not awarding her attorney fees. Under the court rule, "either party may request that the court order the other party to pay an attorney a specified sum to enable that party to prosecute or defend the action." MCR 3.206(A)(1). Under the Paternity Act, the court's order can provide for the payment of "expenses in connection with the pregnancy of the mother or of the proceedings as the court considers proper." MCL 722.717(2); MSA 25.497(2). Therefore, plaintiff argues, attorney fees were available under the court rule or the statute. Although we cannot agree with plaintiff that attorney fees are recoverable under the court rule, we must agree that they are available under the Paternity Act if certain conditions are met.

With respect to the court rule, plaintiff made no showing whatsoever that she would have been unable to bear the expense of the paternity suit without an award of attorney fees, a showing that is required under MCR 3.206(A)(2). With respect to the availability of attorney fees under the Pater-

nity Act, "the language in the Paternity Act encompasses attorney fees" if they are necessary to enable an adverse party to carry on or defend the action. See *Bessmertnaja v Schwager,* 191 Mich App 151, 158; 477 NW2d 126 (1991). On remand, we see no reason why plaintiff should not be given the opportunity to make this showing of need.

We also reject plaintiff's last argument, that the trial court erred in not ordering defendant to pay the costs of her hospital confinement. Although MCL 722.712(a); MSA 25.492(a) in part provides that "[t]he father is liable to pay the expenses of the mother's confinement," those expenses have to be "necessary." MCL 722.717(2); MSA 25.497(2). In this case, we agree with the trial court that the costs of confinement that arose because the mother chose not to use a facility covered by her health insurance were unnecessary expenses that should not be imposed on defendant. Therefore, the trial court's decision not to impose these costs on the father was proper.

In his cross appeal, defendant contends that the amount of child support was incorrectly determined because that amount exceeds the reasonable needs of the child and must be paid until Kaitlen attains the age of majority or graduates from high school, whichever shall occur later, but in no event later than her nineteenth birthday. Defendant maintains that any support obligation he has must end when Kaitlen reaches the age of majority.

Our decision to remand this case to give the trial court the opportunity to make a support determination that complies with the recently amended statute makes it unnecessary for us to address defendant's first argument concerning child support. With respect to his second argument, the court may order support for a child who is a full-time high school student after the child

reaches eighteen years of age. MCL 552.16a; MSA 25.96(1).

In his next issue, defendant argues that portions of the Paternity Act amount to impermissible gender-based discrimination in violation of the equal protection clauses of the state and federal constitutions. More specifically, defendant challenges the requirement that the father be solely responsible for the costs of hospital confinement and that the father be required to pay costs associated with the mother's pregnancy.

It is well established that legislation challenged on a constitutional basis is clothed in a presumption of constitutionality. *Johnson v Harnischfeger Corp,* 414 Mich 102, 112; 323 NW2d 912 (1982). The courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent. *Michigan Education Special Services Ass'n v Comm'r of Ins,* 168 Mich App 398, 401; 425 NW2d 157 (1988). If necessary, a court must give a statute a narrow construction to render it constitutional if such a construction is possible without harming the Legislature's purpose. *People v Cavaiani,* 172 Mich App 706, 711; 432 NW2d 409 (1988).

Equal protection of the law is guaranteed by both the federal and state constitutions. US Const, Am XIV; Const 1963, art 1, § 2. The equal protection guarantee requires that persons in similar circumstances be treated alike. *El Souri v Dep't of Social Services,* 429 Mich 203, 207; 414 NW2d 679 (1987). Equal protection does not require that persons in different circumstances be treated the same. *Weeks v Bd of Trustees, Detroit Retirement System,* 160 Mich App 81, 86-87; 408 NW2d 109 (1987). When a legislative classification is challenged as violative of equal protection, the test to determine its validity depends on the type of

classification and the nature of the interest affected. *Dep't of Civil Rights v Waterford Twp,* 425 Mich 173, 190; 387 NW2d 821 (1986).

In this case, the Paternity Act obligates the male to pay for the necessary costs of confinement and any costs of pregnancy the court deems appropriate. The female must pay those costs associated with hospital confinement that were incurred unnecessarily and the costs associated with the pregnancy, unless the court determines otherwise. In our view, the language does not make gender a necessary consideration in determining which parent pays the costs. Instead, the statute gives the court the power to apportion the costs between the parents. Consequently, we believe that the challenged language reflects the intent of the Legislature to apportion the financial burdens of parenthood as equally and fairly as possible, keeping in mind the interests of the child and the financial status of the parties. If a differentiation is based on a factor other than sex, there is no sex-based denial of equal protection or due process of law unless it can be found to be a mere pretext to effect an invidious discrimination. *Dempsey v Dempsey,* 96 Mich App 276, 285; 292 NW2d 549 (1980).

Defendant next challenges the trial court's determination that he should pay certain medical expenses related to plaintiff's pregnancy. However, because the trial court, pursuant to MCL 722.717(2); MSA 25.497(2), is permitted to order the "payment of . . . such expenses in connection with the pregnancy of the mother . . . as the court considers proper," we find no error in this decision.

In defendant's last issue on cross appeal, he claims that the trial court's decision to award attorney fees was erroneous because plaintiff never requested fees in her complaint, plaintiff cannot

show that she needed the fees to pursue this lawsuit, plaintiff could have used the services of the county prosecutor, and attorney fees are not recoverable in a paternity action. We find no merit in any of these arguments. The attorney fees were awarded as a discovery sanction under MCR 2.313, a sanction that is supported by the record.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.