FONGER v DEPARTMENT OF TREASURY

Docket No. 130294. Submitted October 1, 1991, at Lansing. Decided
February 4, 1992, at 9:10 A.M. Leave to appeal denied, 440
Mich –.

John W. Fonger, as personal representative of the estate of
George F. Fonger, deceased, filed a petition in the Tax Tribunal
against the Department of Treasury, seeking a refund of in-
come taxes paid on federal pension benefits received by the
decedent from 1982 to 1987. The petition was filed after the
United States Supreme Court, in *Davis v Michigan Dep't of
Treasury*, 489 US 803 (1989), invalidated MCL 206.30(1)(f); MSA
7.557(130)(1)(f) to the extent it subjected federal pension bene-
fits to the state income tax but exempted state and local
government pension benefits from the state income tax, and
determined that such disparate treatment violated the constitu-
tional doctrine of intergovernmental tax immunity. The Tax
Tribunal ordered the department to refund to the petitioner
state income taxes paid on the federal pension benefits in the
tax years 1985 to 1987, ruling that the petitioner's refund
claim was subject to the four-year limitation period of MCL
206.441; MSA 7.557(1441). The department appealed, and the
petitioner cross appealed.

The Court of Appeals *held:*

The Legislature, in enacting 1990 PA 285, effective December
21, 1990, intended that claims for refund of income taxes paid
on federal pensions pursuant to MCL 206.30(1)(f); MSA
7.557(130)(1)(f) be subject to MCL 205.27a; MSA 7.657(27a). Act
285 repealed MCL 206.441; MSA 7.557(1441) and added subsec-
tion 7 to MCL 205.27a; MSA 7.657(27a). Under subsection 2 of
§ 27a, a taxpayer may not claim a refund after the expiration
of four years following the date set for the filing of the original
return. Under subsection 6 of § 27a, a claim for refund based on
the constitutional invalidity of a tax law must be filed within
ninety days after the date set for filing a return. Subsection 7

REFERENCES
Am Jur 2d, Pensions and Retirement Funds § 127; State and Local
Taxation §§ 508, 610.
See the Index to Annotations under Refunds and Repayment;
Pension and Retirement; Taxes.

of § 27a, however, provides that subsection 6 does not apply to a claim for the refund of a tax paid for the 1984 tax year or any subsequent tax year on income received as retirement or pension benefits from the federal government if the claimant waives any claim for the refund of such a tax for a tax year before 1984. Thus, the applicable limitation period is that of subsection 2 of § 27a, and claims for refunds are to be paid in accordance with subsection 7 of § 27a.

Reversed and remanded.

TAXATION — INCOME TAX — FEDERAL PENSIONS — REFUNDS.

A claim for refund of Michigan income taxes paid on federal pension and retirement benefits in and after 1984 is subject to a four-year limitation period if the claimant waives any claim for a refund for a tax year before 1984 (MCL 205.27a[2],[7]; MSA 7.557[27a][2],[7]).

*Anderson, Hay & Wonch, P.C.* (by *Thomas H. Hay*), and *John E. Hunt,* for John W. Fonger.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistant Attorneys General, for the Department of Treasury.

Amici Curiae:

*Charfoos & Christensen, P.C.* (by *David R. Parker*), for Hammond et al.

*Miller, Canfield, Paddock & Stone* (by *Gregory A. Nowak*), for Astfalk et al.

*Schwendener & Valade, P.C.* (by *Alan M. Valade*), for Larson et al.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *David L. Nelson, Patrick J. Burkett,* and *Lawrence B. Rogers*), for Grogan et al.

Before: MARILYN KELLY, P.J., and WAHLS and FITZGERALD, JJ.

PER CURIAM. Respondent appeals as of right from an order of the Michigan Tax Tribunal that required it to refund to petitioner state income taxes paid on federal pension benefits for tax years 1985 through 1987. Petitioner has cross appealed and argues that respondent was required to refund all state income taxes paid on the pension benefits regardless of any statute of limitations. We have been advised by the parties and the Tax Tribunal that more than three thousand cases pending before the tribunal are being held in abeyance pending the final resolution of this case. We have been further advised that a class-action suit in the Court of Claims, brought on behalf of Michigan residents who are federal pensioners, has been similarly stayed. The class-action plaintiffs appear in this case as amici curiae.

On March 28, 1989, the United States Supreme Court decided the case of *Davis v Michigan Dep't of Treasury,* 489 US 803; 109 S Ct 1500; 103 L Ed 2d 891 (1989). *Davis* held that § 30(1)(f) of the Income Tax Act, MCL 206.30(1)(f); MSA 7.557(130)(1)(f), was invalid under the constitutional doctrine of intergovernmental tax immunity because it imposed a tax on retirement or pension benefits that discriminated in favor of state retirees and against federal retirees. The state conceded that, under the circumstances, the petitioner was entitled to a refund. *Davis* left unanswered the question of exactly what prospective remedy was to be afforded the petitioner, a federal retiree who had sought a refund for income taxes paid on his federal retirement benefits, and the case was remanded for further proceedings consistent with the opinion and state law. A panel of this Court subsequently determined that § 30(1)(f) should be severed from the remainder of the statute to the extent it applied to retired federal employees, thus

affording those retirees the same tax benefits enjoyed by state and local government employees. *Davis v Dep't of Treasury (On Remand)*, 179 Mich App 683; 446 NW2d 531 (1989).

In the present case, petitioner's decedent, a federal retiree, had paid state income taxes from 1982 through 1987 on his federal pension benefits pursuant to the now invalid § 30(1)(f). After the Supreme Court decided *Davis*, petitioner filed amended income tax returns with respondent and requested a refund for taxes paid from 1982 through 1987. Respondent denied the request on the ground that petitioner had not filed a timely claim for a refund pursuant to § 27a(6) of the revenue act, MCL 205.27a(6); MSA 7.657(27a)(6), which provided:

> Notwithstanding the provisions of subsection (2) [which provides for a four-year period after the date a return is to be filed in which to claim a refund], a claim for refund based upon the validity of a tax law based on the laws or constitution of the United States or the state constitution of 1963 shall not be paid unless the claim is filed within 90 days after the date set for filing a return or when ordered pursuant to an appeal under section 22. [Since amended by 1990 PA 285, effective December 21, 1990.]

The issue, as formulated by the Tax Tribunal, was: When should federal retirees be entitled to receive refunds for the income tax paid under the unconstitutional statute? Three options were presented: (1) all federal retirees who had ever paid income taxes pursuant to § 30(1)(f) are entitled to refunds irrespective of any statute of limitations because § 30(1)(f) was void ab initio; (2) refunds are available to federal retirees who claim them within four years of the due date for filing of a

return pursuant to § 441 of the Income Tax Act, MCL 206.441; MSA 7.557(1441); or (3) only retirees who file claims within ninety days after the due date of a return are entitled to refunds pursuant to § 27a(6) of the revenue act, MCL 205.27a(6); MSA 7.657(27a)(6). The tribunal believed that it did not have to determine the retroactivity of *Davis,* because the United States Supreme Court had stated in other opinions that remedial issues are purely questions of state law. After rejecting the first option described above, the tribunal held that the ninety-day period of MCL 205.27a(6); MSA 7.657(27a)(6) was in conflict with the four-year limitation period of MCL 206.441; MSA 7.557(1441) and, under the conflict resolution section of the Income Tax Act, MCL 206.402; MSA 7.557(1402), the four-year period prevailed. Respondent has appealed from that decision, and petitioner has cross appealed, again arguing that the refunds may be claimed irrespective of any limitation period.

Contrary to the position taken by the Tax Tribunal, we believe that we must decide whether the decision in *Davis* applies retroactively. Retroactive application of a decision and the appropriate remedy are separate issues. *American Trucking Ass'ns, Inc v Smith,* 495 US —; 110 S Ct 2323, 2333; 110 L Ed 2d 148, 159 (1990) (opinion of O'Connor, J.); *Caterpillar, Inc v Dep't of Treasury,* 188 Mich App 621, 626; 470 NW2d 80 (1991). Retroactive operation of a constitutional decision of the United States Supreme Court is a question of federal law. *James B Beam Distilling Co v Georgia,* 501 US —; 111 S Ct 2439, 2443; 115 L Ed 2d 481, 488 (1991); *American Trucking Ass'ns, Inc,* 495 US —; 110 S Ct 2330; 110 L Ed 2d 159. If the decision in *Davis* is to be given purely prospective application, then the question of remedy need

never be reached. We believe that *Davis* was intended to apply retroactively. The state had conceded that, were § 30(1)(f) to be found unconstitutional, a refund was appropriate. Nonetheless, the United States Supreme Court remanded *Davis* for consideration of a separate remedy issue, thereby necessarily implying that the decision was to be given retroactive effect. See *Beam,* 501 US —; 111 S Ct 2445; 115 L Ed 2d 490-491. Furthermore, decisions of two state supreme courts that had held that *Davis* was to be applied only prospectively were vacated and remanded for further consideration by the United States Supreme Court in light of *Beam.* See *Bass v State,* 302 SC 250; 395 SE2d 171 (1990), vacated 501 US —; 111 S Ct 2881; 115 L Ed 2d 1047 (1991), and *Harper v Virginia Dep't of Taxation,* 241 Va 232; 401 SE2d 868 (1991), vacated 501 US —; 111 S Ct 2883; 115 L Ed 2d 1049 (1991). We conclude that the United States Supreme Court intended *Davis* to have retroactive effect.

Since the date of the Tax Tribunal's decision, action taken by the Legislature has rendered moot many of the issues presented to us. 1990 PA 285, effective December 21, 1990, added subsection 7 to § 27a of the revenue act. Subsection 7, which appears to be specifically aimed at resolving any conflict in the limitation periods provided by § 27a and the Income Tax Act, provides in part:

> Subsection (6) does not apply to a claim for the refund of a tax paid for the 1984 tax year or a tax year after the 1984 tax year on income received as retirement or pension benefits from a public retirement system of the United States government if the claimant waives any claim for the refund of such a tax paid for a tax year before 1984.

Subsection 7 sets forth a schedule by which

refunds for tax years 1984 through 1988 are to be made in installments over a four-year period from July 1, 1990, through July 1, 1993. At the same time subsection 7 was enacted, 1990 PA 285 repealed the four-year limitation period of § 441 of the Income Tax Act, MCL 206.441; MSA 7.557(1441). Subsection 7, combined with subsection 2, MCL 205.27a(2); MSA 7.657(27a)(2), thus establishes a four-year limitation period in which a federal retiree may claim a refund from taxes wrongfully paid pursuant to § 30(1)(f). Subsection 7 expressly applies to claims that accrue before the date on which it took effect, thus evidencing a clear, though not conclusive, legislative intent that subsection 7 is to be applied retroactively to such claims. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984). Furthermore, subsection 7 neither creates nor destroys any vested rights; taxpayers may still claim refunds, thus retaining their remedy, and subsection 7 merely changes the procedural mode by which the refunds are made, as well as eliminates any confusion concerning which limitation period is applicable to § 30(1)(f) refund claims. Hence, even in the absence of evidence of legislative intent, subsection 7 is a procedural statute that should be given retroactive effect. *Preston v Dep't of Treasury,* 190 Mich App 491, 495-497; 476 NW2d 455 (1991); *Macomb Co Professional Deputies Ass'n v Macomb Co,* 182 Mich App 724, 730; 452 NW2d 902 (1990); *Allstate Ins Co v Faulhaber,* 157 Mich App 164, 167; 403 NW2d 527 (1987); *Spencer v Clark Twp,* 142 Mich App 63, 67-68; 368 NW2d 897 (1985).

Because the facts of this case are stipulated and the question presented is one of law, we have no difficulty in reviewing the issue on appeal, despite the Tax Tribunal's inability to consider it. See, e.g., *Allstate, supra.* We conclude that subsection 7

operates retroactively. This resolution renders moot the bulk of the issues presented to the Tax Tribunal, including several constitutional arguments against the validity of § 27a(6).

Nonetheless, several issues remain to be decided. Petitioner raises several arguments on cross appeal to the effect that no limitation period may be applied to § 30(1)(f) refund claims. Petitioner first argues that § 30(1)(f) was void ab initio and that no statute of limitations may be applied to limit recovery. We disagree. As the Tax Tribunal put it, "The lacuna in Petitioner's logic is that to declare a tax statute void as if it was never enacted still does not determine the appropriate remedy; i.e., whether the tax refund statutes are to be completely ignored (as Petitioner now urges) or applied (as Respondent contends) to taxpayers injured by the voided provision." A new rule that is to be applied retroactively must still be limited by the need for finality and may be limited by the application of a statute of limitations. *Beam,* 501 US —; 111 S Ct 2446; 115 L Ed 2d 492. Petitioner's authorities from jurisdictions outside Michigan are unpersuasive because they are factually distinguishable and involve different statutory schemes. The fact that § 30(1)(f) was found unconstitutional does not prevent the state from utilizing a remedy with a limitation period, as long as the period passes constitutional muster. Petitioner does not argue that four years is too short a time in which to assert his rights. We also reject petitioner's argument that respondent is judicially estopped from applying a limitation period for the reasons stated by the tribunal. Petitioner argues that respondent is required to refund all taxes "wrongfully collected" pursuant to MCL 205.30(1); MSA 7.657(30)(1) without regard to any limitation period. MCL 205.30(2); MSA 7.657(30)(2), however,

states that "[a] taxpayer who paid a tax claimed not to be due may petition the department for refund of the amount paid within the time period specified as the statute of limitations in section 27a." We find the differences in the terms "wrongfully collected" and "claimed to be due" to be purely semantic and reject petitioner's hypertechnical interpretation. Petitioner's remaining arguments have been rendered moot by 1990 PA 285. Finally, we have been advised that issues pertinent only to the class-action suit in the Court of Claims, a case not before us today, have been resolved by stipulation of the parties or resolved in the class members' favor, and we need address them.

In conclusion, the decision of the Tax Tribunal that MCL 206.441; MSA 7.557(1441) was the controlling limitation period for § 30(1)(f) refund claims is no longer valid in light of the passage of 1990 PA 285. Rather, the applicable limitation period is that of MCL 205.27a(2); MSA 7.657(27a)(2), and claims for refunds shall be paid in accordance with MCL 205.27a(7); MSA 7.657(27a)(7). The decision of the Tax Tribunal is therefore reversed and the case is remanded to the tribunal for further proceedings consistent with this opinion.

Reversed and remanded.