# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF ENVIRONMENTAL
QUALITY,

UNPUBLISHED
December 12, 2017

       Plaintiff-Appellee,

v

No. 333864
Ingham Circuit Court
LC No. 15-000805-CZ

BP, PLC, BP HOLDINGS NORTH AMERICA
LIMITED, and BP AMERICA, INC.,

       Defendants-Appellants.

Before: O'CONNELL, P.J., and BECKERING and STEPHENS, JJ.

PER CURIAM.

Defendants, BP, PLC, BP Holdings North America Limited, and BP America, Inc., (collectively, BP), appeal by leave granted[1] the trial court's order denying BP's motion for summary disposition. Plaintiff, the Michigan Department of Environmental Quality (DEQ), sought monetary damages, alleging that BP used false, misleading, or fraudulent statements when it applied to the Michigan Underground Storage Tank Financial Assurance Fund (the Fund)[2] for reimbursement of costs for taking corrective action when underground storage tanks leaked. The trial court concluded that summary disposition was not warranted under MCR 2.116(C)(7) because of public policy, a discovery rule, and an exception to the statute of limitations. We reverse and remand because the statute of limitations barred DEQ's claims.

## I. BACKGROUND

In 1989, Michigan established the Fund to partially reimburse gas station owners and operators for the cost of cleaning leaks and spills from underground storage tanks. Applicants for reimbursement were required to certify statutory and regulatory compliance. They were also required to certify that they did not discover the leaks and spills before July 18, 1989, and to

---

[1] *Dep't of Environmental Quality v BP PLC*, unpublished order of the Court of Appeals, entered November 23, 2016 (Docket No. 333864).

[2] MCL 299.801 *et seq.*, repealed by 1994 PA 451. The Legislature subsequently established the Refined Petroleum Fund. MCL 324.21506a.

disclose insurance coverage. The statute prohibited applicants from seeking reimbursement through "acts or omissions of a false, fraudulent, or misleading nature . . . ." The Fund stopped taking new applications for reimbursement on June 29, 1995, but it continued making payments for approved applications. In a letter dated November 16, 2010, the DEQ notified BP that an investigation revealed that BP made false, misleading, or fraudulent claims and that BP was doubly reimbursed for remediation when it also made claims for insurance payments.

In September 2015, the DEQ filed suit, alleging that BP was not forthcoming about insurance coverage for cleanup of underground storage tank leaks and spills and that BP failed to meet other requirements for seeking reimbursement from the Fund by making fraudulent statements. BP responded with a motion for summary disposition pursuant to MCR 2.116(C)(7) (statute of limitations), MCR 2.116(C)(8) (failure to state a claim on which relief can be granted), and MCR 2.112(B) (failure to state allegations of fraud with particularity). The trial court denied the motion, concluding that the statute of limitations did not bar the suit.

## II. STANDARD OF REVIEW

This Court reviews a ruling on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Likewise, this Court reviews de novo whether a statute of limitations bars a claim. *City of Fraser v Almeda Univ*, 314 Mich App 79, 100; 886 NW2d 730 (2016).

Summary disposition is proper if a statute of limitations bars the claim. MCR 2.116(C)(7). When reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court considers the parties' pleadings and documentary evidence. *The Reserve at Heritage Village Ass'n v Warren Fin Acquisition, LLC*, 305 Mich App 92, 111; 850 NW2d 649 (2014). This Court accepts the plaintiff's well-pleaded factual allegations as true unless other documentary evidence contradicts them. *Id*.

## III. ANALYSIS

BP argues that the six-year statute of limitations at MCL 600.5813 bars the DEQ's suit in its entirety. We agree. MCL 600.5813 requires commencement of a personal action not otherwise specified in the statute within six years. MCL 600.5813. The statutory "periods of limitations prescribed for personal actions apply equally to personal actions brought in the name of the people of this state, in the name of any officer of this state, or otherwise for the benefit of this state, subject to the exceptions contained in subsection (4)." MCL 600.5821(3). The exception in subsection (4) lifts the statute of limitations for actions brought by the state or on its behalf "for the recovery of the cost of maintenance, care, and treatment of persons in hospitals, homes, schools, and other state institutions . . . ." MCL 600.5821(4).

The state is exempt from statutes of limitations unless a statute provides otherwise. *Detroit v 19675 Hasse*, 258 Mich App 438, 446; 671 NW2d 150 (2003). The Legislature provided otherwise for personal actions, MCL 600.5821(3), so the state is subject to the six-year statute of limitations, MCL 600.5813. *Attorney General v Harkins*, 257 Mich App 564, 569-571; 669 NW2d 296 (2003), overruled on other grounds by *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 283-285; 696 NW2d 646 (2005).

The statute of limitations requires the plaintiff to bring a personal action within six years of accrual of the claim. MCL 600.5813. A "claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. Fraudulent concealment of the existence of a claim tolls the statutory period of limitations, and the plaintiff must bring the claim within two years of when he discovered, "or should have discovered, the existence of the claim . . . , although the action would otherwise be barred by the period of limitations." MCL 600.5855.

This statutory framework precludes application of the common-law discovery rule to pause *accrual* of the claim "until a plaintiff knows, or objectively should know, that he has a cause of action and can allege it in a proper complaint." *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 388-389; 738 NW2d 664 (2007). Thus, we reject the trial court's reliance on a variation of the discovery rule when it denied BP's motion for summary disposition to permit the DEQ to use the discovery phase of litigation to produce more specific information about BP's alleged fraudulent conduct. For the same reason, we disagree with the trial court's decision to permit the DEQ to conduct discovery to pinpoint the date of accrual of the claim.[3]

Additionally, the statutory framework does not include a public policy exception to the general six-year statute of limitations. On the contrary, statutes of limitations reflect public policy considerations. *Turner v Mercy Hosps & Health Servs of Detroit*, 210 Mich App 345, 349-350; 533 NW2d 365 (1995). They balance a plaintiff's opportunity to bring a lawsuit with a defendant's opportunity to defend against a lawsuit while protecting courts from the burden of stale claims. *Id*. Consequently, the trial court erred by concluding that a public policy exception excused the application of the statute of limitations to the DEQ's claim.

Next, we conclude that the trial court misapplied MCL 600.5821(4) to exempt the DEQ's claims from application of the statute of limitations. MCL 600.5821(4) lifts the statute of limitations for claims brought by or on behalf of the state for claims related to the "maintenance, care, and treatment of persons in hospitals, homes, schools, and other state institutions . . . ." MCL 600.5821(4). This case does not concern costs incurred during maintenance, care, or treatment of any individual. Therefore, MCL 600.5821(4) does not apply.

We also reject the DEQ's argument that it was not subject to a statute of limitations because this was an action in rem. The statute of limitations for personal actions does not apply to an action in rem, which proceeds against the property at issue itself, such as an action against a parcel of property to recover real estate taxes. See *19675 Hasse*, 258 Mich App at 447-452. MCL 324.21548(9) attaches a lien to property owned by the person found liable for fines for making a false or misleading statement in an application for reimbursement, thus contemplating an action in rem against that property to recover the money owed. In this case, however, the

---

[3] The Attorney General may investigate fraud related to the Fund's payout of claims before commencing litigation. MCL 324.21548(4) and (5). The DEQ's November 2010 letter referred to an investigation that uncovered potential fraud. Similarly, to the extent DEQ suggests that BP's failure to correct submitted applications constituted a continuing violation, our Supreme Court does not apply the doctrine of continuing violations. See *Garg*, 472 Mich at 283-285.

DEQ's suit against BP was not an action in rem because BP has not been adjudged responsible for civil fines or criminal penalties. Rather, this case is a personal action subject to the statute of limitations for personal actions, MCL 600.5813.

Further, we reject the DEQ's argument that the Legislature's stated intent to apply MCL 324.21548(2) retroactively defeats a statute of limitations. MCL 324.21548(2) provides for a fine to be imposed on a person who makes a false statement in a claim for reimbursement, and that subsection applies retroactively. Retroactive application of a statute does not breathe new life into a claim already barred by a statute of limitations. See *Fonger v Dep't of Treasury*, 193 Mich App 71, 78; 483 NW2d 920 (1992). Thus, liability for actions preceding enactment of the statute does not suspend the statute of limitations.

In short, the state and its subdivisions, including the DEQ, are equally subject to the general six-year statute of limitations at MCL 600.5813 for personal actions. BP maintains that the latest date the claim could have accrued was June 29, 1995, because the Fund did not accept new applications after that date. The DEQ brought this claim for alleged fraudulent statements made in BP's applications for reimbursement. Accordingly, the claim accrued when BP submitted the applications, no later than June 29, 1995. Consequently, the six-year statutory period of limitations expired in 2001, 14 years before DEQ filed its complaint in September 2015.

The DEQ argues that the fraudulent concealment exception tolled the statute of limitations. We disagree. The plaintiff must plead the defendant's affirmative acts or misrepresentations that prevented discovery of the claim. *Doe v Roman Catholic Archbishop of the Archdiocese of Detroit*, 264 Mich App 632, 642-643; 692 NW2d 398 (2004). If the plaintiff asserts a known cause of action, the plaintiff cannot also argue fraudulent concealment. *Id*. at 643.

In this case, the November 16, 2010 letter prepared on behalf of the state referred to allegations of "false, misleading, and/or fraudulent claims" made by BP, leading to BP's wrongful receipt of payment from the Fund. The letter cited to MCL 324.21548, the statute detailing penalties for false, misleading, or fraudulent applications to the Fund. The DEQ is correct that this letter also notes BP's alleged double reimbursement through insurance claims after receiving payment from the Fund, but the DEQ is incorrect that this allegation referred only to one of four claims brought in the complaint and warranted tolling under MCL 600.5855. The letter alludes to all of the claims the DEQ brought in this case, showing that the DEQ knew or should have known about these claims no later than November 16, 2010. Even assuming that BP fraudulently concealed the basis of the DEQ's claims, the DEQ should have brought suit within two years of its November 2010 letter. Therefore ,the DEQ's September 2015 complaint was late, and the DEQ cannot invoke the fraudulent concealment exception.

In sum, the six-year statutory period of limitations applied to the DEQ's claims. Even assuming fraudulent concealment of the claims, the DEQ brought suit more than two years beyond its discovery of the claims. Consequently, the statute of limitations bars the DEQ's claims.

We reverse the trial court's denial of BP's motion for summary disposition, and we remand for the trial court to grant summary disposition to BP under MCR 2.116(C)(7). We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Jane M. Beckering
/s/ Cynthia Diane Stephens