PEOPLE v YARBROUGH

Docket No. 109421. Submitted February 22, 1990, at Detroit. Decided April 3, 1990.

Hank Yarbrough, following a bench trial in Detroit Recorder's Court, Robert L. Evans, J., was convicted of two counts of felonious assault and one count of possession of a firearm during the commission of a felony. By application for delayed appeal granted by the Court of Appeals, defendant contends that the trial court erred when it allowed the prosecution to ask a defense witness if the witness had charges pending against him which arose out of the same incident for which defendant was charged.

The Court of Appeals *held:*

Evidence of arrests not resulting in convictions is inadmissible to impeach the credibility of a witness. However, an exception to this rule exists in the case where, as here, the evidence is offered to show the witness' interest in the matter, his bias or prejudice, or his motive to testify falsely because the witness has charges pending against him which arose out of the same incident for which the defendant is on trial.

Affirmed.

WITNESSES — IMPEACHMENT — PRIOR ARRESTS.

Evidence of a witness' prior arrests not resulting in convictions is inadmissible in a criminal trial to impeach the credibility of the witness; an exception to this rule exists in the case where the evidence is offered to show the witness' interest in the matter, his bias or prejudice, or his motive to testify falsely because the witness has charges pending against him which arose out of the same incident for which the defendant is on trial.

*Frank J. Kelley,* Attorney General, *John D.*

REFERENCES

Am Jur 2d, Witnesses §§ 587-589.

Right to impeach witness in criminal case by inquiry or evidence as to witness' criminal activity for which witness was arrested or charged, but not convicted—modern state cases. 28 ALR4th 505.

*O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Lori Dawson,* Assistant Prosecuting Attorney, for the people.

*Clarence B. Tucker,* for defendant on appeal.

Before: REILLY, P.J., and GILLIS and CYNAR, JJ.

PER CURIAM. Following a bench trial, defendant was convicted of two counts of felonious assault, MCL 750.82; MSA 28.277, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to concurrent terms of six months to four years of imprisonment for felonious assault. That sentence was to be served consecutively to defendant's mandatory two-year sentence for felony-firearm. We granted defendant's application for leave to file a delayed appeal. We affirm.

Defendant claims that the trial court erred when it allowed the prosecutor to ask a defense witness if the witness had charges pending against him which arose out of the same incident. The court overruled defendant's objection to the question. Defendant relies on the following language contained in *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193 (1973), to support his claim:

> We hold that in the examination or cross-examination of any witness, no inquiry may be made regarding prior arrests or charges against such witness which did not result in conviction . . . .

Having reviewed *Falkner,* we believe that this language is overly broad and, instead, the general

rule more appropriately stated is that evidence of arrests not resulting in convictions is inadmissible to impeach the credibility of a witness. Nonetheless, we believe that an exception to that rule exists where, as here, the evidence is being offered to show the witness' interest in the matter, his bias or prejudice, or his motive to testify falsely because that witness has charges pending against him which arose out of the same incident for which defendant is on trial. *United States v Musgrave,* 483 F2d 327, 338 (CA 5, 1973), cert den 414 US 1023; 94 S Ct 447; 38 L Ed 2d 315 (1973); *State v Ciulla,* 115 RI 558; 351 A2d 580 (1976). See also Anno: *Right to impeach witness in criminal case by inquiry or evidence as to witness' criminal activity for which witness was arrested or charged, but not convicted—modern state cases,* 28 ALR4th 505. Hence, we believe that the question was proper and that in this bench trial the judge properly used this testimony.

Defendant also claims that the prosecutor improperly cross-examined him concerning a prior arrest which did not result in conviction. We note that this issue is not preserved for appeal because it was not raised in defendant's statement of the issue presented. In any event, defense counsel asked defendant on direct examination if he had ever been charged with a criminal offense as an adult or juvenile. Defendant denied being so charged. On cross-examination the prosecutor asked defendant if he had been charged with unarmed robbery. Defense counsel did not object and defendant answered the prosecutor's question negatively. We fail to see how reversal is required under these facts.

Affirmed.