PRESTON v DEPARTMENT OF TREASURY

Docket No. 114283. Submitted July 18, 1990, at Lansing. Decided August 5, 1991, at 9:15 A.M.

Arthur F. Preston, a Texas resident, sought refunds of Michigan individual income taxes paid in 1982, 1983, and 1984, asserting that a net operating loss incurred in 1980 was attributable solely to his Michigan business activities. The Department of Treasury and the Revenue Commissioner disallowed the deductions and denied the refunds. The Court of Claims, Michael G. Harrison, J., granted summary disposition for Preston, holding that the Michigan Income Tax Act permitted a deduction of net operating losses, that those losses could be carried forward, and that a deduction for a net operating loss attributable to Michigan business activities could be taken even if the taxpayer, because of out-of-state business activities, did not deduct a net operating loss from his federal income tax. The Department of Treasury appealed.

The Court of Appeals *held:*

Even before enactment of the 1987 amendment of the Michigan Income Tax Act that specifically provided for a deduction of a net operating loss, such a deduction existed because of incorporation by reference in the Michigan act of the definition of taxable income contained in the Internal Revenue Code. A taxpayer may deduct from Michigan taxable income a net operating loss attributable to Michigan business activities even if no corresponding deduction may be taken with respect to federal taxable income. The Court of Claims correctly held that the deductions were proper and that the taxpayer was entitled to the refunds.

1. The Michigan Income Tax Act incorporated by reference the definition of taxable income in the Internal Revenue Code that provides for a deduction for a net operating loss that may be carried forward. The 1987 amendment of the Income Tax Act that explicitly provided for a deduction for a net operating

REFERENCES

Am Jur 2d, State and Local Taxes § 534.

See the Index to Annotations under Income Tax; Net Operation Loss.

loss was remedial in nature and intended to clarify an existing right. Accordingly, it may be given retroactive application.

2. A taxpayer who has a net operating loss attributable solely to Michigan business activities is entitled to deduct that loss from Michigan taxable income even if, because of income attributable to activities in another state, such a deduction could not be taken with respect to federal taxable income.

Affirmed.

1. TAXATION — INCOME TAX ACT — DEDUCTIONS — NET OPERATING LOSS — AMENDMENT OF STATUTES — RETROACTIVITY.

A deduction for a net operating loss existed under the Income Tax Act before its 1987 amendment that specifically provided for such a deduction by reason of the act's incorporation by reference of the definition of taxable income in the Internal Revenue Code; because the 1987 amendment was intended to clarify an existing right, it may be applied retroactively (MCL 206.30[1]; MSA 7.557[130][1]).

2. TAXATION — INCOME TAX ACT — DEDUCTIONS — NET OPERATING LOSS — APPORTIONMENT OF LOSSES.

A taxpayer is entitled to deduct from Michigan taxable income a net operating loss attributable solely to Michigan business activities even where the taxpayer is not able to claim such a deduction with respect to federal taxable income because income from business activities outside Michigan offset the losses attributable to Michigan activities.

*Miller, Canfield, Paddock & Stone* (by *Robert F. Rhoades* and *Gregory A. Nowak*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Richard A. Roesch* and *Russell E. Prins,* Assistant Attorneys General.

Before: MARILYN KELLY, P.J., and HOOD and DOCTOROFF, JJ.

DOCTOROFF, J. Defendants appeal as of right a December 15, 1988, order of the Court of Claims granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). Defendants claim that the court erred in ruling that plaintiff was

entitled to a net operating loss (NOL) deduction for losses from his business operations in Michigan. We disagree and affirm.

The parties stipulated below to the facts. Plaintiff is a resident of Texas and is involved in the production of and exploration for oil and gas in Michigan. Plaintiff incurred in 1980 substantial losses that were attributable to business operations in Michigan, which were reported on plaintiff's 1980 Michigan income tax return. Plaintiff's 1980 federal income tax return did not reflect an NOL, because capital gains income allocable entirely to the State of Texas offset the Michigan losses. For the tax years 1982 and 1983, plaintiff carried forward losses from 1980, which were attributable to business operations in Michigan and which he characterized as "1980 Michigan net operating losses" in calculating his 1982 and 1983 tax liability. Plaintiff did not have a corresponding loss carried forward on his 1982 and 1983 federal income tax returns, because there was no 1980 federal loss. Plaintiff filed Michigan individual income tax returns for 1982, 1983, and 1984, in which he sought refunds. These refunds were denied by defendants on the basis of defendants' disallowance of the deduction of the NOL carryforward. Plaintiff filed an appeal of the department's decision in the Court of Claims. The court granted plaintiff's motion for summary disposition, ruling that plaintiff was entitled to a Michigan deduction for losses from 1980 attributable to Michigan.

Defendants argue that during the applicable tax years the Michigan Income Tax Act, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, did not define or expressly recognize a Michigan NOL deduction and that the act does not permit the taking of a Michigan NOL deduction by a taxpayer in a year in

which the federal income tax return does not reflect an NOL.

Where the language of a statute is clear and unambiguous, judicial interpretation is precluded, and this Court should not look beyond the ordinary meaning of the unambiguous language in giving effect to a statute. *Wills v Iron County Bd of Canvassers,* 183 Mich App 797, 801; 455 NW2d 405 (1990). If construction is required, this Court is obliged to determine and give effect to the intention of the Legislature. *Id.* Statutory language should be given a reasonable construction, considering its purpose and the object sought to be accomplished. An act must be read in its entirety, giving due consideration to all sections to produce an harmonious and consistent enactment of the whole. *Id.* Statutes are to be construed to avoid absurd or unreasonable consequences. *Id.*

The Court of Claims held that although the Michigan Income Tax Act did not expressly provide for an NOL deduction during the applicable years, such a provision was incorporated into the act by virtue of § 2(3), MCL 206.2(3); MSA 7.557(102)(3). We find no error in the court's ruling.

In the applicable tax years, § 2(3) stated:

> It is the intention of this act that the income subject to tax be the same as taxable income as defined and applicable to the subject taxpayer in the internal revenue code, except as otherwise provided in this act.

"Taxable income" is also defined in § 30(1), MCL 206.30(1); MSA 7.557(130)(1), by reference to the Internal Revenue Code. In the applicable years, § 30(1) stated, in relevant part:

> "Taxable income" in the case of a person other

than a corporation, an estate, or trust means adjusted gross income as defined in the internal revenue code subject to the following adjustments:

\* \* \*

(k) Adjustments resulting from the allocation and apportionment provisions of chapter 3.

Taxable income is defined in the Internal Revenue Code as gross income minus allowable deductions. 26 USC 63. Adjusted gross income is also defined in the Internal Revenue Code as gross income minus allowable deductions. 26 USC 62. One of the allowable business deductions which may be used in arriving at adjusted gross income is the NOL deduction. 26 USC 172. Under § 172, an NOL may be carried back three years or carried forward to offset income for as many as fifteen years.

Sections 2(3) and 30 of the Michigan Income Tax Act clearly incorporate the definitions of taxable income and adjusted gross income in the Internal Revenue Code. Because the Internal Revenue Code defines adjusted gross income to include a deduction for an NOL, it, therefore, follows that the Michigan Income Tax Act allows an NOL deduction and that the NOL can be carried forward as provided in 26 USC 172.

In addition, the court noted in its opinion that § 30 was amended in 1987 to provide for a Michigan NOL deduction of the kind asserted by plaintiff. This was done by adding subsections 1(p) and 1(q), redesignated by amendment in 1988 as 1(o) and 1(p). Defendants argue on appeal that the 1987 amendments do not apply retroactively. We disagree.

Generally, statutes are applied prospectively unless the Legislature has expressly or impliedly indicated its intent to give retroactive effect or

unless the statutes are remedial or procedural in nature. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984); *Macomb Co Professional Deputies Ass'n v Macomb Co,* 182 Mich App 724, 730; 452 NW2d 902 (1990). Statutes that operate in furtherance of an already existing remedy and that neither create new rights nor destroy existing rights are applied retroactively unless a contrary legislative intent is manifested. *Selk, supra,* p 10. A statute or amendment is remedial or procedural if it is designed to correct an existing oversight within the law or redress an existing grievance. *Macomb Deputies, supra.*

As amended, § 30(1) provides in pertinent part as follows:

> "Taxable income", for a person other than a corporation, estate, or trust, means adjusted gross income as defined in the internal revenue code subject to the following adjustments:
>
> \* \* \*
>
> (o) Add to the extent deducted in determining federal adjusted gross income the net operating loss deduction under section 172 of the internal revenue code.
>
> (p) Deduct a net operating loss deduction for the taxable year as defined in section 172 of the internal revenue code subject to the modifications under section 172(b)(2) of the internal revenue code and subject to the allocation and apportionment provisions of chapter 3 of this act for the taxable year in which the loss was incurred.

Having found that the Michigan Income Tax Act provided, by virtue of incorporation, for a Michigan NOL deduction and that the provision was subject to the allocation and apportionment provisions of the act, we conclude that the 1987 amendment was designed to clarify the existing right to

claim a Michigan NOL deduction. Thus, the 1987 amendments are remedial in nature and may be applied retroactively.

We also reject defendants' argument that a taxpayer is not entitled to a Michigan NOL deduction when the taxpayer's federal income tax return does not reflect an NOL. The decisions in *Production Credit Ass'n of Lansing v Dep't of Treasury,* 404 Mich 301; 273 NW2d 10 (1978), and *Grunewald v Dep't of Treasury,* 104 Mich App 601; 305 NW2d 269 (1981), are of analytical value. The *Production Credit* Court analyzed the NOL deduction under the repealed Michigan Corporate Income Tax Act. The Court rejected the department's argument that a Michigan NOL deduction could not exceed a federal NOL deduction. In *Grunewald,* the taxpayer tried to use the NOL from another state to decrease its income on its Michigan tax return. The allocation of losses was disallowed. The Court held that losses sustained by an out-of-state entity for business activities conducted outside of Michigan cannot be used by a Michigan resident having an ownership interest in that entity to compute his Michigan income pursuant to the allocation and apportionment provisions of the Michigan Income Tax Act. The court in the instant case ruled that the converse is also true. We agree.

The income attributable to another state should not be used to deny a taxpayer the right to carry forward an NOL deduction when the NOL is solely attributable to Michigan. Accordingly, plaintiff is entitled to a Michigan NOL deduction for losses solely attributable to Michigan business activities. Because an NOL attributable to Michigan business activities is subject to the allocation and apportionment provisions of the act, the taxpayer is not

limited to the NOL deduction, if any, claimed on the taxpayer's federal income tax return.

Defendants' claim that plaintiff has failed to demonstrate that the Michigan Income Tax Act has been written, interpreted, or applied to him in any unconstitutional manner is not properly before this Court. This issue has not been preserved because it was not raised in the statement of issues presented, as required by MCR 7.212(C)(4). *People v Yarbrough,* 183 Mich App 163, 165; 454 NW2d 419 (1990). Furthermore, this issue was not decided by the court below. Our review is limited to issues actually decided by the lower court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987).

Affirmed.