SUN VALLEY FOODS COMPANY v WARD (AFTER REMAND)

Docket No. 188345. Submitted September 10, 1996, at Detroit. Decided January 31, 1997, at 9:25 A.M. Leave to appeal sought.

Sun Valley Foods Company brought an action in the Wayne Circuit Court against George E. Ward and others, alleging legal malpractice in the failure of Ward to advise it in a landlord-tenant action in which Ward had represented it that it was required pursuant to § 5744(5) of the Revised Judicature Act, MCL 600.5744(5); MSA 27A.5744(5), to file within ten days of the entry of a judgment of possession in that case both a claim of appeal and a bond to stay proceedings in order to toll the running of the ten-day period before a writ of restitution could be issued. The plaintiff further alleged that it had suffered damages because Ward's failure to advise it to file a bond within that ten-day period had resulted in a writ of restitution being issued in the landlord-tenant action. Ward asserted that he was not guilty of legal malpractice because he had reasonably concluded that § 5744(5) was satisfied by the filing of a claim of appeal and the filing of an application for an appeal bond within the ten-day period, which he had done. The trial court, John A. Murphy, J., granted summary disposition for various defendants, including defendant Ward. The Court of Appeals, DOCTOROFF, P.J., and MCDONALD and BRENNAN, JJ., reversed the trial court's dismissal of the claims against Ward, holding that a question of fact remained concerning the reasonableness of Ward's interpretation of the requirement of § 5744(5), and remanded the matter to the trial court for further proceedings. Unpublished opinion per curiam of the Court of Appeals, issued February 10, 1992 (Docket No. 123995). On remand, the trial court at first held that the appropriate interpretation of § 5744(5) was a question of fact for the jury, but later held that the question of the proper meaning of the provision was for the court and held that § 5744(5) was satisfied by the filing of a claim of appeal and an application for an appeal bond within ten days of entry of a judgment of possession.

After remand, the Court of Appeals *held*:

Although the language of § 5744(5) is susceptible to varying interpretations, it is clear that the legislative intent to protect parties who have secured a judgment of possession from incurring further losses would be frustrated by interpreting that provision so

that a stay of the issuance of a writ of restitution could be obtained by the filing of an application for a bond rather than an actual bond. Interpreting § 5744(5) to require the filing of a bond within the ten-day period in order to stay issuance of a writ of restitution is consistent both with the court rule relating to possessory judgments, MCR 4.201(N)(3)(b), and with the court rule relating to stays of execution during the pendency of an appeal, MCR 7.209(H). Accordingly, the trial court erred in holding that § 5744(5) is satisfied by the filing of a claim of appeal and an application for an appeal bond within ten days of the entry of a judgment of possession.

Reversed and remanded.

LANDLORD AND TENANT — SUMMARY PROCEEDINGS — WRITS OF RESTITUTION — STAYS OF PROCEEDINGS.

The running of the ten-day period between the date of entry of a judgment of possession in a summary proceeding to recover possession of a premises and the date on which a writ of restitution can be issued is tolled only if both a claim of appeal or motion for a new trial and a bond to stay proceedings is filed within ten days of the entry of the judgment of possession; the filing of an application for a bond within the ten-day period is not sufficient to toll the running of the period (MCL 600.5744[5]; MSA 27A.5744[5]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Donald J. Gasiorek* and *Patrick Burkett*), for the plaintiff.

*Kerr, Russell and Weber, P.L.C.* (by Robert J. Pineau) and *George E. Ward*, for George E. Ward.

AFTER REMAND

Before: HOEKSTRA, P.J., and MARILYN KELLY and J. B. SULLIVAN*, JJ.

HOEKSTRA, P. J. In this legal malpractice action, plaintiff Sun Valley Foods Company appeals by leave granted a Wayne Circuit Court order granting defend-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ant George E. Ward's motion to modify an earlier order of the trial court, which stated that the appropriate interpretation of MCL 600.5744; MSA 27A.5744 was to be decided by a jury. The order of modification, which adopted defendant Ward's position, interpreted the statute at issue to allow for a tolling of the ten-day period during which a writ of restitution could not issue if an application for a bond was filed within ten days of the entry of a judgment of possession, MCL 600.5744(5); MSA 27A.5744(5), even though the bond itself was not posted during that ten-day period. We reverse.

We agree with plaintiff that the trial court's interpretation of MCL 600.5744(5); MSA 27A.5744(5), which provided for a tolling if a request for a bond was filed within the ten-day period, is incorrect and does not reflect the intent of the Legislature. MCL 600.5744; MSA 27A.5744 provides, in pertinent part:

> (4) In all other cases, the writ of restitution shall not be issued until the expiration of 10 days after the entry of the judgment for possession.
>
> (5) If an appeal is taken or a motion for new trial is filed before the expiration of the period during which the writ of restitution shall not be issued and if a bond to stay proceedings is filed, the period during which the writ shall not be issued shall be tolled until the disposition of the appeal or motion for new trial is final.

The trial court in the instant case interpreted the above statute to require only that an application for a bond, and not the actual bond, be filed within the ten-day period. We believe that the trial court's interpretation, although reasonable given that the statute is ambiguous and susceptible to varying interpretations,

does not accurately reflect the intent of the Legislature in enacting the above provisions.

The primary rule of statutory construction is to determine and effectuate the intent of the Legislature through reasonable construction considering a statute's purpose and the object sought to be accomplished. *Frankenmuth Mutual Ins Co v Marlette Homes, Inc,* 219 Mich App 165, 169; 555 NW2d 510 (1996). Where a statute is unambiguous, judicial construction is precluded. *Id.* If, as here, judicial interpretation is necessary, the statutory language is to be given the reasonable construction that best accomplishes the purpose of the statute. *Id.* at 169-170.

The purpose of a stay bond generally is to protect the prevailing party from losses that could result from the inability to enforce the judgment while enforcement of the judgment is stayed pending appeal. *Wright v Fields,* 412 Mich 227, 230; 313 NW2d 902 (1981). If the running of the ten-day period during which a writ of restitution cannot be issued could be tolled by the mere filing of a claim of appeal and an application for a bond, as the trial court believed, the prevailing party would have no protection during the period between when the ten days had elapsed and whenever the bond was eventually filed, which presumably under the trial court's interpretation could be weeks, months, or years later.

Further support for our interpretation that the statute requires both the filing of a claim of appeal and the posting of a bond within the ten-day period required to prevent the issuance of a writ can be

found in the Michigan Court Rules. MCR 7.209(H)[1]
provides that a bond must be filed before execution
in order for execution to be stayed or suspended.
MCR 4.201(N)(3)(b), governing appeals from posses-
sory judgments in the district court, states: "The filing
of a claim of appeal together with a bond or escrow
order of the court stays all proceedings, including a
writ of restitution issued but not executed." We
believe that interpreting MCL 600.5744(5); MSA
27A.5744(5) in light of these court rules requires a
conclusion that both the claim of appeal or motion
for new trial and a bond must be filed within the ten-
day period to toll the running of the period during
which the writ shall not be issued. Accordingly, we
reverse the decision of the trial court to the extent it
interprets the statute at issue differently.[2]

Our decision today in no way decides the underly-
ing question whether defendant Ward's representation
of plaintiff amounted to malpractice. This issue will
still need to be resolved by the trier of fact, in whom
will rest the ultimate responsibility for determining
whether defendant Ward acted reasonably in relying

---

[1] MCR 7.209 retains the substance of GCR 1963, 808, which was in
effect at the time the alleged malpractice was committed.

[2] Given our conclusion that the trial court's interpretation of the statute
at issue was incorrect, we need not address plaintiff's argument that the
trial court's interpretation of the statute violates the law of the case doc-
trine. However, were we to address this issue, we would find no violation
because the parties to the underlying suit and the present action are not
the same and the present action does not represent merely "subsequent
proceedings in the same case." *Brucker v McKinlay Transport, Inc*, 212
Mich App 334, 338; 537 NW2d 474 (1995). Furthermore, another panel of
this Court, in an earlier decision involving the present action, specifically
stated that the ruling upon which plaintiff places reliance was not to be
construed as "law of the case." Unpublished opinion per curiam of the
Court of Appeals, issued February 10, 1992 (Docket No. 123995).

upon his interpretation of the statute to plaintiff's detriment.

Reversed and remanded. Because this case has been ongoing for more than a decade, an expedited trial should be scheduled in this matter. We do not retain jurisdiction.