BEZNOS v DEPARTMENT OF TREASURY (ON REMAND)

Docket No. 198751. Submitted May 13, 1997, at Lansing. Decided July 25, 1997, at 9:30 A.M.

The Department of Treasury disallowed net operating loss (NOL) deductions that Norman, Harold, and Barbara Beznos reported on their Michigan tax returns and assessed deficiencies against them. The taxpayers filed a petition with the Tax Tribunal challenging the department's determination. The Tax Tribunal agreed with the petitioners and entered an opinion and judgment allowing the petitioners the full amount of their NOL deductions. The Department of Treasury appealed, and the Court of Appeals peremptorily affirmed in an unpublished order entered October 27, 1995 (Docket No. 170524). The Supreme Court, in lieu of granting leave to appeal, vacated the order of the Court of Appeals and remanded the matter to the Court of Appeals for plenary consideration. 453 Mich 909 (1996).

On remand, the Court of Appeals held:

1. The reference in MCL 206.30(1)(o),(p); MSA 7.557(130)(1) (o),(p) of the Michigan Income Tax Act to §§ 172 and 172(b)(2) of the Internal Revenue Code, 26 USC 172, does not demonstrate that the Legislature intended to limit the amount of the Michigan NOL deduction to either the federal NOL deduction amount or to the federal modified taxable income. Section 172 of the Internal Revenue Code does not limit a specific state's NOL deductions. A taxpayer may be entitled to a Michigan NOL deduction for losses solely attributable to Michigan business activities even though the taxpayer did not have a federal NOL deduction. Income attributable to another state and used in the federal calculation should not be used to deny the taxpayer the right to carry forward an NOL deduction that is solely attributable to Michigan.

2. Section 30(1)(o),(p) of the Michigan Income Tax Act, MCL 206.30(1)(o),(p); MSA 7.557(130)(1)(o),(p), and § 510(1) of the Michigan Income Tax Act, MCL 206.510(1); MSA 7.557(1510)(1), are not in pari materia. The scope and aim of the two statutes are distinct and unconnected. The fact that the Legislature put a limitation on NOLs for the specific tax area dealing with the homestead prop-

erty tax credit does not mean that this limitation should generally apply to all income tax areas.

Affirmed.

1. TAXATION — INCOME TAX ACT — DEDUCTIONS — NET OPERATING LOSS — INTERNAL REVENUE CODE.

The reference to §§ 172 and 172(b)(2) of the Internal Revenue Code in § 30(1)(o),(p) of the Michigan Income Tax Act was not intended to limit the amount of a Michigan net operating loss deduction for state income tax purposes to either the taxpayer's federal net operating loss deduction amount or the federal modified taxable income; Internal Revenue Code § 172 does not limit a specific state's net operating loss deductions (26 USC 172, 172[b][2]; MCL 206.30[1][o],[p]; MSA 7.557[130][1][o],[p]).

2. STATUTES — JUDICIAL CONSTRUCTION — IN PARI MATERIA.

Statutes are in pari materia where they relate to the same subject or share a common purpose; they are not in pari materia where their scope and aim are distinct and unconnected.

3. TAXATION — INCOME TAX ACT — JUDICIAL CONSTRUCTION — IN PARI MATERIA.

The scope and aim of §§ 30(1) and 510(1) of the Michigan Income Tax Act are distinct and unconnected and need not be read in pari materia; the fact that the Legislature put a limitation on net operating losses in defining income for purposes of the homestead tax credit does not mean that the limitation should generally apply to all income tax areas (MCL 206.30[1][o],[p], 206.510[1]; MSA 7.557[130][1][o],[p], 7.557[1510][1]).

*Evans & Luptak, P.L.C.* (by *Edward M. Deron*), for the petitioners.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Russell E. Prins* and *Ross H. Bishop*, Assistant Attorneys General, for the respondent.

ON REMAND

Before: NEFF, P.J., and WAHLS and TAYLOR, JJ.

PER CURIAM. Respondent Department of Treasury challenges a decision of the Tax Tribunal allowing the

full amount of petitioners' net operating loss (NOL)[1] deductions for tax years 1987 (petitioners Harold and Barbara Beznos) and 1988 and 1989 (petitioner Norman Beznos). We affirm.

I

The underlying facts are not in dispute. For the tax years in question, petitioners reported NOLs on their Michigan tax returns. Respondent disallowed petitioners' NOL deductions and assessed deficiencies against petitioner Norman Beznos in the amount of $22,596.73 and petitioners Harold and Barbara Beznos in the amount of $5,579.52.

Petitioners filed a petition challenging respondent's determination with the Tax Tribunal, which issued an opinion and judgment in favor of petitioners. Respondent appealed as of right and this Court peremptorily affirmed in an unpublished order entered October 27, 1995 (Docket No. 170524). Our Supreme Court, in lieu of granting leave to appeal, vacated that order and remanded the case to us for plenary consideration. 453 Mich 909 (1996).

II

At issue here is the application of MCL 206.30(1)(o) and (p); MSA 7.557(130)(1)(o) and (p), which, at all times relevant,[2] provided as follows:

---

[1] A net operating loss is the excess of allowable deductions over gross income, subject to certain adjustments, resulting in a negative adjusted gross income. NOLs are available deductions on both federal and Michigan income tax returns, with the Michigan NOLs limited to those losses incurred in Michigan. A taxpayer may carry back (for up to three tax years) or carry forward (for up to fifteen tax years) the losses as a form of income averaging.

[2] The language in MCL 206.30(1); MSA 7.557(130)(1) has subsequently been amended as follows:

(1) "Taxable income," for a person other than a corporation, estate, or trust, means adjusted gross income as defined in the internal revenue code subject to the following adjustments:

\*     \*     \*

(o) Add to the extent deducted in determining federal adjusted gross income the net operating loss deduction under section 172 of the internal revenue code.

(p) Deduct a net operating loss deduction for the taxable year as defined in section 172 of the internal revenue code subject to the modifications under section 172(b)(2) of the internal revenue code and subject to the allocation and apportionment provisions of chapter 3 of this act for the taxable year in which the loss was incurred.

The primary rule of statutory construction is to determine and give effect to the intent of the Legislature through reasonable construction, considering the purpose of the statute and the objective sought to be accomplished. *Sun Valley Foods Co v Ward (After Remand)*, 221 Mich App 335, 338; 561 NW2d 484 (1997). When a statute is clear, judicial construction is precluded. If judicial interpretation is necessary, the statutory language is to be given the reasonable construction that best accomplishes the purpose. *Id.* Where the object of judicial construction is a tax statute, ambiguities are to be resolved in favor of the taxpayer. *IBM v Dep't of Treasury*, 220 Mich App 83, 86; 558 NW2d 456 (1996). Further, this Court generally

"Taxable income" *means*, for a person other than a corporation, estate, or trust, adjusted gross income as defined in the internal revenue code subject to the following adjustments *and the adjustments provided in subsections (2) to (4):*

These minor grammatical changes do not change the meaning of the statute or our analysis.

defers to the Tax Tribunal's interpretation of a statute that it is delegated to administer. *Maxitrol Co v Dep't of Treasury*, 217 Mich App 366, 370; 551 NW2d 471 (1996).

III

Respondent contends that the reference in § 30(1)(o) and (p) to §§ 172 and 172(b)(2) of the Internal Revenue Code (IRC), 26 USC 172, demonstrates that the Legislature intended to limit the amount of the Michigan NOL deduction to either the federal NOL deduction amount or to the federal modified taxable income. We disagree.

IRC § 172 deals with the computations for NOLs and carrybacks and carryovers, and does not limit a specific state's NOL deductions. Moreover, this Court has determined that a taxpayer may be entitled to a Michigan NOL deduction for losses solely attributable to Michigan business activities even though the taxpayer did not have a federal NOL deduction. *Preston v Dep't of Treasury*, 190 Mich App 491, 497; 476 NW2d 455 (1991). In *Preston,* this Court explained that income attributable to another state and used in the federal calculation should not be used to deny the taxpayer the right to carry forward an NOL deduction that is solely attributable to Michigan. *Id.*

We find no reason why the holding in *Preston* should not be extended to preclude a limitation on the amount of an NOL to the federal modified taxable income. Neither § 30(1)(o) and (p) of the Michigan Income Tax Act nor IRC § 172 contain any such limitation, and it is not for this Court to impose one in the absence of such legislative action.

IV

Respondent also argues that MCL 206.510(1); MSA 7.557(1510)(1), dealing with the homestead credit, should be read in pari materia with § 30(1) to preclude Michigan taxpayers from deducting an NOL on Michigan income taxes that exceeds the federal modified taxable income. Section 510(1) defines "income," for purposes of the homestead tax credit, and provides that "a deduction for a carryback or carryover of a net operating loss shall not exceed federal modified taxable income as defined in section 172(b)(2) of the internal revenue code." Again, we disagree with respondent's proposed interpretation.

Statutes are in pari materia when they relate to the same subject or share a common purpose. *Ansell v Dep't of Commerce (On Remand)*, 222 Mich App 347, 355; 564 NW2d 519 (1997). They are not in pari materia where, as here, the scope and aim of the two statutes are distinct and unconnected. *People v Pitts*, 216 Mich App 229, 233; 548 NW2d 688 (1996). As noted by the tribunal, the Legislature chose not to reference the definition of "income" found in § 510 in § 30 or anywhere else in Chapter 1. Contrary to respondent's assertions, the fact that the Legislature has put a limitation on NOLs for a specific tax area (the homestead property tax credit) does not mean that this limitation should generally apply to all income tax areas.[3]

---

[3] Nor are we persuaded by respondent's assertion that our holding will result in a windfall to Michigan taxpayers with NOLs because they would be permitted to include federal itemized deductions when calculating their Michigan NOL. As noted by petitioners, such a result is avoided insofar as the federal NOL carryover must be computed without the federal itemized deductions allowable in the loss year. IRC § 172.

v

The Tax Tribunal's judgment, and its interpretation of § 30(1)(o) and (p) of the Michigan Income Tax Act, are affirmed. No taxable costs pursuant to MCR 7.219, a question of public policy being involved.