STATE OF MICHIGAN
COURT OF APPEALS

VICTOR EGGLESTON, JOYCE EGGLESTON, and MARIAN EGGLESTON,

Petitioners-Appellants,

v

TOWNSHIP OF HANDY,

Respondent-Appellee.

UNPUBLISHED
December 18, 2014

No. 317874
Tax Tribunal
LC No. 00-454335

Before: M. J. KELLY, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Petitioners appeal as of right the Michigan Tax Tribunal's dismissal of their petition challenging respondent's creation in 2005 of a special assessment district (SAD) to finance the extension of a public sanitary sewer system. The tribunal held that it lacked jurisdiction because the petition was untimely. We affirm.

Underlying this action is petitioners' sale by land contract of property to Steelhead Development, LLC and subsequent foreclosure proceedings involving the property. Petitioners assert that Steelhead had the property rezoned and established plans to develop condominiums on it. Petitioners assert that they first found out about the SAD when they received delinquency notices in summer 2008 as a result of Steelhead's failure to pay taxes levied under the SAD. Rather than file a petition with the tribunal, petitioners twice, unsuccessfully, disputed the foreclosure proceedings and the validity of the special assessment in the Livingston Circuit Court.

Petitioners filed the instant petition on May 30, 2013, challenging the creation of the SAD. The tribunal addressed the particulars of respondent's provision of notice to petitioners prior to adopting the SAD and ultimately concluded that it lacked jurisdiction, holding:

> More importantly, Petitioners indicate that they "first became aware of the existence of the special assessment district and the inclusion of their property therein when they received delinquency notices from Livingston County Treasurer in the summer of 2008 informing them that Steelhead had defaulted and failed to pay any of the special assessments levied against Petitioners parcels." This indicates that Petitioners had, at least, some notice in 2008. Petitioners also indicate that they requested and received information regarding the special

-1-

assessment in the fall of 2008. Thus, even if the original notice with regard to any of the parcels at issue was deficient, Petitioners admittedly had notice in 2008. The Tribunal finds that the Petitioners received actual notice of the special assessment in 2008 upon the issuance of the delinquency notices. Petitioners failed to appeal within 35 days of this actual notice. See MCL 205.735a. For the reasons indicated above, the filing is untimely and Petitioners have failed [to] invoke the jurisdiction of the Tribunal by timely filing their appeal.

Petitioners then moved for reconsideration, arguing that the 35-day jurisdictional limit in MCL 205.735a(6) does not apply when a taxpayer did not receive timely notice, actual or otherwise, as such a holding would violate their right to due process. The tribunal rejected that argument, holding that petitioners should have filed their petition within 35 days of receiving actual notice in 2008.

On appeal, petitioners assert that the tribunal erred in dismissing their petition because the jurisdictional requirements in MCL 205.735a only apply to a taxpayer who received notice prior to the creation of the SAD. We disagree.

In the absence of fraud, this Court reviews the tribunal's decisions for an incorrect application of the law or the adoption of erroneous legal principles. *Briggs Tax Serv, LLC v Detroit Pub Schs*, 485 Mich 69, 75; 780 NW2d 753 (2010). The tribunal's factual findings are conclusive if they are supported by competent, material, and substantial evidence on the record. *Klooster v Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011). Although this Court will generally defer "to the Tax Tribunal's interpretation of a statute that it is delegated to administer," *Beznos v Dep't of Treasury* (*On Remand*), 224 Mich App 717, 721; 569 NW2d 908 (1997), questions of law, including the proper application and interpretation of tax statutes, are reviewed de novo, *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006). "Whether a court has subject-matter jurisdiction is a question of law subject to review de novo." *In re Wayne Co Treasurer*, 265 Mich App 285, 290; 698 NW2d 879 (2005).

Section 31(a) of the Tax Tribunal Act, MCL 205.701 *et seq*., provides that "[t]he tribunal has exclusive and original jurisdiction over . . . a proceeding for direct review of . . . special assessments . . . under the property tax laws of this state." Generally, a petitioner invokes the jurisdiction of the tribunal by filing a written petition challenging the respondent's actions "within 35 days after the final decision, ruling, or determination." MCL 205.735a(6). "However, when another statute provides a different limitation period for filing a petition with the Tax Tribunal, that statute controls and MCL 205.735 does not apply." *Briggs Tax Serv, LLC*, 485 Mich at 76.[1] "An untimely filing . . . deprives the Tax Tribunal of jurisdiction to consider

---

[1] *Briggs* involved MCL 205.735, which set forth a 30-day deadline for filing a petition. *Briggs*, 485 Mich at 76. In 2006 PA 174, MCL 205.735 was amended to indicate it applied only "to a proceeding before the tribunal that is commenced before January 1, 2007." MCL 205.735(1). 2006 PA 174 also added MCL 205.735a, which applies to proceedings "commenced after December 31, 2006." MCL 250.735a(1).

the petition other than to dismiss it." *Leahy v Orion Twp*, 269 Mich App 527, 532; 711 NW2d 438 (2006) (citation omitted).

A special assessment is "an exaction to raise revenue, although it is imposed on particular real property for a local purpose or improvement of direct benefit to that property." *Graham v Kochville Twp*, 236 Mich App 141, 151-152; 599 NW2d 793 (1999). "For a special assessment dispute, the special assessment shall be protested at the hearing held for the purpose of confirming the special assessment roll before the tribunal acquires jurisdiction of the dispute." MCL 205.735a(5). It is undisputed that petitioners did not protest the SAD at the hearing confirming the special assessment roll, although petitioners contend that they were unaware of the SAD because respondent provided insufficient notice. Petitioners also failed to file a written petition within 35 days of respondent's adoption of the SAD. MCL 205.725(6). And because the jurisdiction and powers of the tribunal are "limited to those authorized by statute," the tribunal lacks equitable power to preserve petitioners' challenge. See *Federal-Mogul Corp v Dep't of Treasury*, 161 Mich App 346, 359; 411 NW2d 169 (1987).

Petitioners also appear to argue that such jurisdictional requirements in MCL 205.735a(5) and (6) violate their right to due process because they were not provided with notice before the SAD adoption hearing or within 35 days thereafter. The absolute minimum requirements of due process are notice and an opportunity to be heard. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 287-288; 831 NW2d 204 (2013).

The Public Improvements Act, MCL 41.721 *et seq.*, establishes the requisite notice and hearing that a governmental unit must provide to taxpayers that are affected by a proposed SAD. MCL 41.724a states as follows:

> (1) If special assessments are made against property, notice of hearings in the special assessment proceedings shall be given as provided in this section.
>
> * * *
>
> (5) Failure to give notice as required in this section shall not invalidate an entire assessment roll, but only the assessment on property affected by the lack of notice. A special assessment shall not be declared invalid as to any property if the owner or the party in interest of that property actually received notice, waived notice, or paid any part of the assessment. If an assessment is declared void by court decree or judgment, a reassessment against the property may be made.

"Statutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole." *Id.* (internal quotation marks omitted). These statutes "must be read collectively as one law, even when there is no reference to one another." *Menard Inc v Dep't of Treasury*, 302 Mich App 467, 472; 838 NW2d 736 (2013).

MCL 205.735a addresses the jurisdiction of the tribunal and MCL 41.724a concerns notice requirements that a governmental unit must follow when holding a SAD hearing. Petitioners contend that MCL 205.735a and MCL 41.724a should not be read *in pari materia*. But the tribunal's jurisdiction over SAD disputes is predicated on a taxpayer timely disputing a decision, and a taxpayer cannot dispute something the taxpayer has no notice of. When read

-3-

together, it is clear that MCL 41.724a addresses the due process concerns presented by the jurisdictional requirements in MCL 205.735a. Read together, MCL 205.735a(6) and MCL 41.724a(5) constructively toll the accrual of the 35-day limitations period until the affected taxpayer receives actual notice of the decision to adopt the SAD. Once the taxpayer receives actual notice of the SAD, the taxpayer has 35 days to file a petition, or else the tribunal lacks jurisdiction to hear the taxpayer's case.

The tribunal found that petitioners received actual notice of the SAD "upon issuance of the delinquency notices" in the summer of 2008. Based on petitioners' own admissions, there was competent, material, and substantial evidence in the record to support that finding. Although limitations periods may be tolled when a party files an action in the incorrect forum, see for example *Wikman v City of Novi*, 413 Mich 617, 654; 322 NW2d 103 (1982) and MCL 600.5856, it is clear from the record that petitioners failed to timely file the petition with the tribunal. Petitioners did not take any action from sometime in the summer of 2008 until February 2009, when they filed suit in the circuit court. After dismissal in July 2010, petitioners took no further action until June 2012, when they filed the second civil suit. And after the second case was dismissed on April 9, 2013, petitioners did not file the instant petition until May 30, 2013. Each of these periods of time, even without aggregation, exceeds the 35-day limitations period established in MCL 205.735a(6). Accordingly, the tribunal did not err in dismissing the petition for lack of jurisdiction based on its lack of timeliness.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter